IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | | |
|---|---|---|
| MOISE MAMOUZETTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil No. 2013-117 |
| | ) | |
| MARC A. JEROME, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

## REPORT AND RECOMMENDATION

Before the Court are three motions to dismiss plaintiff Moise Mamouzette's complaint under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process: one by the Government of the Virgin Islands ("GVI"), the Virgin Islands Board of Medical Examiners ("BME"), and the Commissioner of the Department of Health ("DOH") in her official capacity [ECF 173];[1] one by the Territorial Medical Director and the Chief of OB/GYN at Governor Juan F. Luis Hospital in their official capacities [ECF 180]; and an additional one by the GVI, the BME, and official capacity defendants the Commissioner of the DOH, the Territorial Medical Director, and the Chief of OB/GYN [ECF 198].[2]  On May 19, 2023, the District Court referred defendants' motions to the undersigned for a Report and Recommendation.  [ECF 212].

---

[1]  At the time this case was filed, Darice Plaskett was the commissioner of the DOH.  [ECF 1].  Ms. Plaskett has also filed a motion to dismiss in her individual capacity for insufficient service of process [ECF 207], which will be addressed in a separate opinion.

[2]  The Court will refer to the government entity and official capacity defendants collectively as "the government defendants."

*Mamouzette v. Jerome, et al.*
Civil No. 2013-117
Page 2

# I.    BACKGROUND

## A.  Plaintiff's Initial Efforts to Serve Process and Related Proceedings

Plaintiff Moise Mamouzette is a physician operating a private practice in obstetrics and gynecology, and was previously employed by the Virgin Islands DOH.  [ECF 1] ¶ 13.  He brought this action in 2013 against the GVI, the BME, and three defendants named in their individual and official capacities: the Commissioner of the DOH Darice Plaskett, Territorial Medical Director Marc Jerome, and Chief of OB/GYN Ronald Anders.  [ECF 1].  The parties are well familiar with the factual background of this case, which the District Court has summarized briefly as follows:

> Plaintiff was employed "by Defendant Government of the Virgin Islands through the Virgin Islands Department of Health ("DOH")." After practicing medicine in the Virgin Islands for four years, Plaintiff was suspended from his government position in December 2013 and eventually terminated, allegedly due to issues pertaining to his certification to practice medicine.  In response, the United Industrial Workers-Seafarers International Union (the "Union") filed a grievance on Plaintiff's behalf challenging the Government's actions.  Plaintiff subsequently filed this action—in which the Union intervened—alleging constitutional and other violations stemming from his suspension and termination from employment with DOH, the revocation of his Special Unrestricted License ("SUL") to practice medicine, and related circumstances.  Plaintiff also filed a Motion for Temporary Restraining Order ("TRO") seeking to prohibit Defendants from terminating his employment and revoking his SUL to practice medicine.
>
> In its Memorandum Opinion addressing the TRO, this Court held that "[t]he propriety of [Mamouzette's] termination . . . falls squarely into the category of disputes arising under the [Collective Bargaining Agreement ("CBA")] for which the grievance procedure is the sole avenue for resolution."  Therefore, because the arbitration process was not yet pursued, the case was "not properly before the Court."

[ECF 166] at 2–3 (alterations in original) (internal citations omitted).

*Mamouzette v. Jerome, et al.*
Civil No. 2013-117
Page 3

The matter went to arbitration and at the conclusion of that process, the Arbitrator issued his Award and Order on October 27, 2014.  [ECF 48-1].  On February 12, 2015, the Union filed a petition to confirm the award.  [ECF 48].

While the Union's petition to confirm the award was pending, plaintiff moved on April 28, 2015, for entry of default against defendants Jerome and Anders.  [ECF 68].[3]  The Clerk of Court entered default on July 20, 2015, stating Jerome and Anders "were individually served with a copy of the summons and complaint . . . but ha[d] failed to answer, plead, appear or otherwise defend."  [ECF 81].  On October 15, 2015, plaintiff filed his motion for default judgment.  [ECF 83].

The District Court confirmed the arbitration award on July 19, 2017 [ECF 97], and later reaffirmed that ruling in a March 10, 2021 Order [ECF 139] denying the Union's request to modify the award.[4]

In October 2021, the Court, observing that no action had been taken in the case since its March 10, 2021 Order, directed the parties to "meet and confer and file with the Court a proposed scheduling order . . . [and to] discuss and determine which claims and parties remain at issue."

_____

[3] Plaintiff later submitted affidavits from the process server averring he had personally served Jerome and Anders on December 16, 2013.  [ECF 80].

[4] As the District Court later explained in an order vacating the default and denying default judgment:

> [T]he Arbitrator ordered Mamouzette "reinstated effective with his August 25, 2014 submission of certification/qualification supporting documentation to the DOH."  However, per the Award, Plaintiff's reinstatement was contingent upon the certification/qualification documentation being provided to the DOH.  In light of this contingency and Mamouzette's failure to provide the required documentation, issues regarding enforcement of the Award followed.  This led to the Court's decision in March 2021 denying the Union's request to modify the Award and upholding the Court's earlier decision affirming the Award.  The Court's ruling in this regard resolved the matter as against the Government of the Virgin Islands.

[ECF 166] at 3 (internal citations omitted).  In this same order, the District Court noted that the matter was proceeding against only the individual defendants, and it gave plaintiff additional time "to properly serve Jerome and Anders in their official capacities."  *Id*. at 3–4.

*Mamouzette v. Jerome, et al.*
Civil No. 2013-117
Page 4

[ECF 141]; [ECF 142] at 2.  The parties were unable to agree to a schedule or on other issues. [ECF 148].  Following another conference in November  2021, the Court again ordered the parties to meet and confer to discuss which claims and parties were still at issue, and to file a proposed scheduling order.  [ECF 150].  On November 23, 2021, the Court issued a Scheduling Order setting deadlines for completing discovery and filing dispositive motions.  [ECF 162].

On December 3, 2021, Jerome and Anders moved to vacate the default and deny plaintiff's motion for default judgment.  [ECF 164].  In a memorandum opinion issued April 5, 2022, the District Court found that the default was entered in defendants' individual capacities and, finding good cause, [ECF 166] at 4, 7–13, vacated the default and denied plaintiff's motion for default judgment as moot.  [ECF 165] at 2.  As to defendants' official capacity argument, the Court observed that because Jerome and Anders are officers of the GVI, the suit is against the GVI, but that the record did not reflect the required service on the Governor.  [ECF 166] at 13–14.  Although the time for service had expired, in light of the current posture of the case, the Court granted an extension and ordered plaintiff to serve Jerome and Anders in their official capacities by May 5, 2022. *Id.* at 14; [ECF 165] at 2.  The Court subsequently granted plaintiff an extension to May 26, 2022.  [ECFs 170, 172].

**B.  Defendants File Motions to Dismiss**

On April 8, 2022, Jerome and Anders filed a motion to dismiss the claims against them in their individual capacities for failure to state a claim.  [ECF 168].[5]

On August 16, 2022, the GVI, the BME, and the Commissioner of the DOH moved to dismiss for insufficient service of process.  [ECF 173].  Relying on the District Court's April 5,

---

[5]  This Rule 12(b)(6) motion will also be addressed in a separate opinion.

2022 Memorandum Opinion, which observed that to properly serve the GVI, "one must serve the chief executive officer, i.e., the Governor of the Virgin Islands,"[6] but that the record did not reflect service on the Governor, defendants argue that because the Court has already given plaintiff notice and an opportunity to cure, plaintiff's continued failure to properly serve the Governor requires dismissal. [ECF 174] at 1–2. Further, defendants note that while a dismissal under Rule 4(m) must be without prejudice, "with the running of the respective statute of limitations in this matter, it may have the practical effect of a dismissal with prejudice." *Id.* at 3. Defendants contend, however, that because plaintiff cannot show good cause, the Court must dismiss without consideration of the statute of limitations. *Id.*

On August 26, 2022, plaintiff requested issuance of summons to defendants Anders and Jerome. [ECFs 175, 176, 177].

On September 21, 2022, the Territorial Medical Director and the Chief of OB/GYN moved to dismiss the official capacity claims for insufficient service of process. [ECF 180]. Defendants contend that plaintiff failed to properly effect service on them in the time allotted by the Court, and thus has failed to plead an action against the GVI. [ECF 181] at 2. Defendants further contend that because Jerome no longer serves as the Territorial Medical Director, serving him personally does not effect service on the official capacity defendant. *Id.* at 2–3. As in the August 16, 2022 motion, defendants argue that the Court has already given plaintiff notice and an opportunity to cure, and that the Court must dismiss without regard to the statute of limitations because plaintiff cannot show good cause. *Id.* at 3.

---

[6] Defendants quoted [ECF 166] at 13.

*Mamouzette v. Jerome, et al.*
Civil No. 2013-117
Page 6

On October 3, 2022, plaintiff filed proof of service indicating defendant Anders was personally served on September 7, 2022, and defendant Jerome was personally served on September 14, 2022. [ECF 183].

On October 13, 2022, the District Court noted that plaintiff had not timely responded to the three then-pending motions to dismiss. [ECF 186] at 2. The Court ordered plaintiff to respond to defendants' motions by October 27, 2022, and cautioned plaintiff that "further failures to comply with deadlines will not be viewed favorably by the Court." *Id.* The Court subsequently granted plaintiff two extensions due to counsel's health issues. [ECFs 187, 188, 189, 190].

On November 4, 2022, plaintiff timely filed his oppositions. [ECF 191]. Plaintiff states that a defendant must be served within 120 days after the complaint is filed, acknowledges that Fed. R. Civ. P. 4(j)(2) requires service on the chief executive officer of a state or state-created governmental organization and that there "is no alternate 'manner prescribed by [local] law' that may be used to serve the Virgin Islands Government," but then still states that he "can only survive Defendants' motion to dismiss with filing of Proof of Service of Process on Defendants Marc A. Jerome MD and Ronald Anders, MD." *Id.* at 1–2 (alteration in original) (citation omitted). Plaintiff attached proof of service showing Anders and Jerome were personally served. [ECF 191-1] at 2–3; [ECF 191-2] at 2–3.

On November 10, 2022, the Clerk of Court issued summons to the Governor of the Virgin Islands. [ECF 194]. Service was effectuated that same date.[7]

---

[7] Service was apparently made on a person designated by law to accept service on behalf of the Governor: Claudia Charles, "Ex Asst to Chief of Staff." [ECF 197]. The undersigned notes that while it is plaintiff's burden to provide evidence showing that the individual receiving service was authorized to accept service of process on behalf of the Governor, defendants do not contest that such service was proper. *See Tobal v. V.I. Police Dep't*, 2022 WL 136841, at *9 (D.V.I. Jan. 13, 2022).

On January 2, 2023, the government defendants again moved to dismiss for insufficient service of process. [ECF 198]. Defendants once again rely on the Court's April 5, 2022 Opinion noting the requirement to serve the Governor and plaintiff's failure to do so. [ECF 199] at 1–2. They note that although plaintiff was to serve the Governor by May 26, 2022, and although defendants twice put plaintiff on notice of his failure to do so via their previous motions, plaintiff did not serve the Governor until November 10, 2022. *Id.* at 2–3. Defendants thus argue that "having already given Plaintiff notice and an opportunity to cure, and the Plaintiff having shown no good cause for the 168-day delay in serving the Governor . . . , the Court must dismiss this action as to the [GVI] and all Government entities and employees served in their official capacities." *Id.* at 3.[8]

On January 20, 2023, Magistrate Judge Emile Henderson III recused from this matter and the case was transferred to the undersigned. *See* [ECF 208]. This Court issued an Order directing the parties to file a status report including a statement of the basis for federal jurisdiction; whether any parties have not yet been served with process and identifying such parties; the status of any pending motions; what discovery, if any, remains to be completed; and any other material matter. [ECF 209]. Defendants' report notes the five pending motions to dismiss and alleges defendant Plaskett has not been served in her individual capacity. [ECF 210]. Plaintiff's report contends "[s]ummons were effectively propounded on all Defendants," and that the motion to dismiss defendants Jerome and Anders for insufficient service of process is mooted by plaintiff's filing proof of service. [ECF 211] at 2.

---

[8] As previously noted, defendant Plaskett filed a January 2023 motion to dismiss the claims against her in her individual capacity for insufficient service of process. [ECF 207]. This motion will be addressed in a separate opinion.

*Mamouzette v. Jerome, et al.*
Civil No. 2013-117
Page 8

## II.    LEGAL STANDARDS

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).  A defendant may assert the defense of insufficient service of process by filing a motion under Federal Rule of Civil Procedure 12(b)(5).  *See Oliver v. V.I. Bureau of Internal Revenue*, 2020 WL 3085909, at *1 (D.V.I. June 10, 2020) ("under Rule 12(b)(5), a defendant may attack the manner in which a summons and complaint were, or were not, served").  Once such a challenge is made, plaintiff bears the burden of proving the validity of service.  *Grand Ent. Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993).

Federal Rule of Civil Procedure 4(m) requires service of a summons and complaint on all named defendants within 90 days of filing the complaint.[9]  "If a defendant is not served within 90 days . . . the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  However, where the plaintiff shows good cause for failure to serve the defendant timely, the court must extend time for service.  *Petrucelli*, 46 F.3d at 1305.  Where good cause is not established, a court may nonetheless grant a discretionary extension of time for service.  *Id.*

Rule 4 provides that a state or state-created governmental organization may be served in one of two ways.  Fed. R. Civ. P. 4(j)(2).  The plaintiff must either deliver "a copy of the summons and of the complaint to its chief executive officer," or effect service in the manner prescribed by state law for such a defendant.  *Id.*  The Virgin Islands Rules of Civil Procedure provide that "[i]n

---

[9] Plaintiff's opposition states that service must be completed within 120 days.  *See* [ECF 191] at 1.  However, Rule 4(m) was in amended in 2015 to shorten the time for service to 90 days.

all cases in which the Government of the Virgin Islands is a named defendant, service shall be made by serving a summons and copy of the complaint on the Governor and upon the Attorney General of the Virgin Islands." V.I. R. Civ. P. 4(i)(1).[10] Additionally, when suing a governmental officer or employee, service must be made upon the Governor, the Attorney General, the chief executive officer of the entity, and the named employee. V.I. R. Civ. P. 4(i)(3).

An action against a government official in their official capacity is necessarily an action against the government. *See, e.g.*, *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding that "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"). Thus, where defendants are sued in their official capacity as officers or employees of the GVI, the suit is against the GVI, and the Governor must be served. *See* Fed. R. Civ. P. 4(j)(2) (requiring service on chief executive officer); 48 U.S.C. §1591 ("The executive power of the Virgin Islands shall be vested in an executive officer whose official title shall be the 'Governor of the Virgin Islands.'"); *Tobal*, 2022 WL 136841, at *8 ("When the Government of the Virgin Islands, one of its agencies, or a government official is named as a Defendant, courts have repeatedly held that the Governor must be served with process."); *Christopher v. Dir. of V.I. Bureau of Internal Revenue*, 2014 WL 3733774, at *2 (D.V.I. July 29, 2014) ("when the Government of the Virgin Islands or an agency of the Government of the Virgin Islands is a named defendant, the Governor—as chief executive officer—must be served"); *Thomas v. Bonanno*, 2013 WL 3958772, *8 (D.V.I. July 30, 2013) ("Virgin Islands law does not admit of any means of

---

[10] No service of process on the Attorney General is recorded on the docket. On December 16, 2013, plaintiff filed a notice stating he emailed to the Attorney General a copy of the Court's order directing defendants to respond to the motion for TRO, along with a copy of the complaint, motion for TRO and all exhibits. [ECF 14]. Defendants do not contest proper service on the Attorney General. The Court therefore finds any argument on this issue is waived.

serving the government except by serving the chief executive officer—that is, the Governor of the Virgin Islands.").

### III.    DISCUSSION

The three motions presently before the Court are premised on the same underlying argument: plaintiff's failure to properly and timely serve the Governor requires that the complaint against the government defendants be dismissed.

"Proper service is an essential step in establishing a district court's personal jurisdiction over the defendants." *Chiang v. U.S. Small Bus. Admin.*, 331 F. App'x 113, 115 (3d Cir. 2009). This Court has repeatedly held that when the GVI, one of its agencies, or one of its employees named in their official capacity is a defendant in an action, the Governor must be served. *See, e.g.*, *Oliver*, 2020 WL 3085909, at *2. Moreover, "[t]here is no alternative manner by which to effectuate service on [the government] under Virgin Islands law." *Id.*[11] Thus, to bring an action against the GVI, the BME, the Commissioner of the DOH, the Territorial Medical Director, and the Chief of OB/GYN, service on the Governor is required.

The District Court discussed these legal principles in its April 5, 2022 Opinion addressing defendants Jerome and Anders' argument that they were not properly served in their official capacities:

> "[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent . . . ." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 n.55 (1978); *see also Nibbs v. Roberts*, No. 91-cv-0029, 1995 WL 78295, *5 (D.V.I. Feb. 8, 1995) ("State officers sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them."). Here, Defendant Jerome is sued in his official

---

[11] Consequently, any argument by plaintiff that he properly served the Territorial Medical Director and the Chief of OB/GYN in their official capacities by effecting personal service on defendants Jerome and Anders is unavailing.

capacity as the Territorial Medical Director. Defendant Anders is sued in his official capacity as chief of OB/GYN at Governor Juan F. Luis Hospital. Because Defendants are officers of the Government of the Virgin Islands, the suit is against the Government of the Virgin Islands.

Under the Federal Rules of Civil Procedure, to serve the Government of the Virgin Islands, one must serve the chief executive officer, i.e., the Governor of the Virgin Islands. *See* Fed. R. Civ. P. 4(j)(2) (requiring service on a state or local government by serving the chief executive officer or by service as prescribed by state law); *Thomas v. Bonanno*, Civ. No. 2013-06, 2013 U.S. Dist. LEXIS 106214, *24 (D.V.I. July 30, 2013) ("Virgin Islands law does not admit of any means of serving the government except by serving the chief executive officer—that is, the Governor of the Virgin Islands."). The record does not reflect that Plaintiff has served the Governor of the Virgin Islands. Rather, Plaintiff served the "Government of the Virgin Islands" at Government House, 1131 King St., Christiansted VI 00820. Thus, service was not proper for a suit against Jerome and Anders in their official capacities. *See Callwood v. Gov't of Virgin Islands*, No. CV 2008-119, 2014 WL 7450083, at *1 (D.V.I. Dec. 30, 2014) (explaining that the court previously dismissed the case for lack of timely service of a summons listing the "Government of the Virgin Islands, Charlotte Amalie, St. Thomas, U.S.V.I." as "the defendant and addressee" because the summons did not comply with Rule 4(j)(2) by serving "the Governor of the Virgin Islands").

[ECF 166] at 13–14 (some citations omitted). Thus, the Court specifically instructed plaintiff that in order to properly effect service on the official capacity defendants and the GVI, service on the Governor was required. The Court set a deadline for plaintiff to do so, but as set forth above, plaintiff failed to comply. Defendants pointed to this same language from the Court's Opinion in their motions to dismiss for insufficient service of process, two of which were filed before plaintiff attempted to serve the Governor. In light of the District Court's unequivocal instructions—repeated in defendants' motions giving notice of the defective service—plaintiff's delay in serving the Governor is perplexing.

While Rule 4(m) requires the Court to extend time for service where the plaintiff demonstrates good cause, plaintiff here has failed to make this showing. The Third Circuit has "equated 'good cause' with the concept of 'excusable neglect' . . . , which requires 'a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules.'" *MCI Telecomms. Corp.*, 71 F.3d at 1097 (quoting *Petrucelli*, 46 F.3d at 1312).[12] In conducting this analysis, the Court's "primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." *Id.*

Here, plaintiff's efforts to serve the Governor were not reasonable. The deadline by which plaintiff was to serve the Governor expired on May 26, 2022. *See* [ECFs 165, 172].[13] That date came and went without any indication in the record that service had been attempted or achieved, or any request by plaintiff for an additional extension of time. Instead, plaintiff, without any explanation for the delay, waited until November 10, 2022, to request issuance of summons to the Governor. In his opposition to defendants' motions to dismiss, plaintiff wholly fails to address defendants' arguments regarding proper and timely service on the Governor, nor does he attempt to show good cause for an enlargement of time to serve. Instead, he simply states that he "can only survive Defendants' motion to dismiss with filing of Proof of Service of Process" on defendants Jerome and Anders, and that he has attached such proof to his opposition. [ECF 191]

---

[12] Factors a court may examine in determining whether good cause exists include "(1) reasonableness of plaintiff's efforts to serve (2) prejudice to the defendant by lack of timely service and (3) whether plaintiff moved for an enlargement of time to serve." *MCI Telecomms. Corp.*, 71 F.3d at 1097 (citing *United States v. Nuttall*, 122 F.R.D. 163, 166–67 (D. Del. 1988)).

[13] While the original deadline would have long expired 120 days after plaintiff filed this action in 2013 (under the then-version of Rule 4(m)), the Court extended the time to serve defendants Jerome and Anders in their official capacities by serving the Governor. *See* [ECF 165] at 2; [ECF 166] at 14.

*Mamouzette v. Jerome, et al.*
Civil No. 2013-117
Page 13

at 2.[14]  Despite the Court's specific instructions and the government defendants' three motions to dismiss, plaintiff has offered no justification for his inaction of more than four months following the deadline to serve the Governor.  On this record, plaintiff has not shown good faith or provided any reasonable basis for his noncompliance.  Therefore, the Court is unaware of any good cause as to why it should extend the time for service.  *See, e.g.*, *MCI Telecomms. Corp.*, 71 F.3d at 1097 (district court abused its discretion in finding good cause to excuse late service, where record was devoid of explanations for plaintiff's lack of diligence and failure to move to enlarge time to serve); *Chiang*, 331 F. App'x at 116 (that plaintiff's use of unauthorized service methods may have put defendants on notice of action was "of no consequence[, because t]he 'absence of prejudice alone can never constitute good cause to excuse late service'" (citation omitted)); *see also Petrucelli*, 46 F.3d at 1307 ("Even when delay results from inadvertence of counsel, it need not be excused. . . . 'The lesson to the federal plaintiff's lawyer is not to take any chances.  Treat the 120 days with the respect reserved for a time bomb.'" (citation omitted)); *Veal v. United States*, 84 F. App'x 253, 256 (3d Cir. 2004) (a plaintiff's "failure to read or understand Rule 4 does not excuse her failure to provide timely service").

Nonetheless, the Court is authorized, in the absence of good cause, to grant a discretionary extension of time for service.  *Petrucelli*, 46 F.3d at 1305.  In exercising this discretion, the Court considers applicable factors such as: "(1) actual notice of the legal action; (2) prejudice to the defendant; (3) the statute of limitations on the underlying cause of action; (4) the conduct of the defendant; (5) whether the plaintiff is represented by counsel; and (6) any other additional factors

---

[14] Although the Court also ordered plaintiff to respond to the motion filed by the GVI, the BME, and the Commissioner of the DOH, *see* [ECF 186], plaintiff's opposition provides no response to the arguments those defendants made. Further, plaintiff never filed an opposition to the government defendants' third motion to dismiss for insufficient service of process.  [ECF 198].

that may be relevant." *Oliver*, 2020 WL 3085909, at *2 (citing *Chiang*, 331 F. App'x at 116). "These factors are considered in light of the Third Circuit's 'preference that cases be disposed [of] on the merits whenever practicable.'" *Id.* (citation omitted).

The Court finds that the circumstances presented here weigh in favor of granting a discretionary extension of time to effectuate proper service on the Governor of the Virgin Islands.

First, defendants had actual notice of the legal action despite improper service on the Governor.[15]  On April 15, 2015, while the Union's petition to confirm the arbitration award was pending, the Assistant Attorney General entered a notice of appearance on behalf of the GVI. [ECF 60].  On October 15, 2015, counsel appeared on behalf of Jerome and Anders individually and in their official capacities, Plaskett in her official capacity as the Commissioner of the DOH, and the BME.  [ECF 82].  Most recently, on October 19, 2021, Assistant Attorney General Julie Beberman filed a notice of appearance on behalf of the government defendants [ECF 145], and later filed the motions to dismiss on their behalf.  Additionally, the record reflects personal service on defendants Jerome and Anders as early as December 2013 [ECFs 10, 12, 80], and again in September 2022 [ECF 183].  Furthermore, the Governor was served on November 10, 2022.  [ECF 197].

Second, in light of defendants' actual notice, and considering the procedural posture of this case, there is no reason to believe defendants would be prejudiced by the Court excusing the delay in serving the Governor.  *See Boley v. Kaymark*, 123 F.3d 756, 759 (3d Cir. 1997) (explaining that prejudice "involves impairment of defendant's ability to defend on the merits," and that "actual notice to a defendant that an action was filed militates against a finding of prejudice" (citation

---

[15] The Court notes, however, that "[a]lthough notice underpins [Fed. R. Civ. P.] 4 concerning service, notice cannot by itself validate an otherwise defective service." *Grand Ent. Grp.*, 988 F.2d at 492.

omitted)). While it appears plaintiff has done little on his own accord to actually prosecute this case since the Court entered its March 10, 2021 Order denying the Union's request to modify the arbitration award, this action has been more significantly delayed by issues related to the arbitration proceedings rather than plaintiff's failure to properly serve defendants.

Finally, "[i]n this Circuit, it is generally preferable to decide a case on its merits rather than on a procedural technicality." *Stott v. Split Decision Music, LLC*, 2021 WL 4551607, at *8 (D.N.J. Oct. 5, 2021) (citing *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984)). At this point, the government defendants have been served, and this case is ready to proceed forward on the merits of plaintiff's claims. Accordingly, "[w]ithout any regard to who 'may have contributed to this procedural impasse, equity favors granting an extension of time for service so that this matter may be decided on its merits.'" *Id.* (citation omitted); *see also Harrison v. Bornn, Bornn & Handy*, 200 F.R.D. 509, 513 (D.V.I. 2001) (finding Magistrate Judge properly exercised discretion to extend time for service based in part on "the law's preference for disposing of a case on its merits").[16]

---

[16] Defendants urge that because plaintiff cannot demonstrate good cause, the Court must dismiss plaintiff's complaint without consideration of the statute of limitations. Defendants misstate the law on this point. The Third Circuit established the proper standard in *Petrucelli*, explaining that Rule 4(m) comprises a two-step inquiry wherein a court first determines whether good cause exists for an extension of time. 46 F.3d at 1305. If so, the court must extend time for service. *Id.* If not, then the court must consider whether any other factors warrant a discretionary extension of time, such as whether the applicable statute of limitations would bar the refiled action. *Id. Petrucelli* specifically held that:

> [A] district court may not consider the fact that the statute of limitations has run until after it has conducted an examination of good cause. If the district court determines that good cause does not exist, only then may it consider whether the running of the statute of limitations would warrant granting an extension of time. We emphasize that the running of the statute of limitations does not require the district court to extend time for service of process. Rather, absent a finding of good cause, a district court may in its discretion still dismiss the case, even after considering that the statute of limitations has run and the refiling of an action is barred.

*Id.* at 1306; *see also id.* at 1305 n.7 (declining to adopt an interpretation of Rule 4(m) that "good cause exists every time the statute of limitations has run and the refiling of the action would be barred"). In other words, if there is no showing of good cause, the statute of limitations is one of several factors that "a district court may consider when deciding whether to extend time for service or dismiss a case." *Id.* at 1306 n.8. Defendants' interpretation would eviscerate the second step of the Rule 4(m) inquiry and require dismissal of all actions where the plaintiff fails to show

*Mamouzette v. Jerome, et al.*
Civil No. 2013-117
Page 16

In sum, the record reflects that plaintiff's efforts at perfecting timely service on the Governor of the Virgin Islands have been half-hearted at best. As such, the Court cannot find good cause for plaintiff's failure to effectuate proper service on defendants in compliance with the Court's Orders and the applicable procedural rules. However, because the Court may extend the time for service even in the absence of good cause, the Court should excuse plaintiff's delay in serving the government defendants and extend the time for service *nunc pro tunc* so that the Court may resolve this dispute on the merits.[17]

## IV.    CONCLUSION

Accordingly, the premises considered, it is hereby **RECOMMENDED** that the government defendants' motions to dismiss for insufficient service of process [ECFs 173, 180, and 198] be denied, and that the time for service on the Governor of the Virgin Islands be extended *nunc pro tunc*.

Any objections to this Report and Recommendation must be filed in writing within 14 days of receipt of this notice. Failure to file objections within the specified time shall bar the aggrieved party from attacking such Report and Recommendation before the assigned District Court Judge. 28 U.S.C. § 636(b)(1); LRCi 72.3.

**Dated:** August 7, 2023                                    S_____
                                                                          **RUTH MILLER**
                                                                          United States Magistrate Judge

---

good cause. This is not what the Rule states nor is it the law in this circuit.

[17] A party's blasé attitude towards the Court's orders and the procedural rules will not be countenanced, and the Court's recommendation here should in no way be interpreted as approving of plaintiff's conduct. The Court would be well within its discretion to find no basis warranting an extension of time. *See McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 197 (3d Cir. 1998) ("We are well aware that the Federal Rules are meant to be applied in such a way as to promote justice. *See* Fed. R. Civ. P. 1. Often that will mean that courts should strive to resolve cases on their merits whenever possible. However, justice also requires that the merits of a particular dispute be placed before the court in a timely fashion so that the defendant is not forced to defend against stale claims. Here, McCurdy failed to do just that at every opportunity, and the district court was well within its authority to deny McCurdy the extension he sought.").