IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| MOISE MAMOUZETTE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MARC A. JEROME, *et al.*, )<br>)<br>Defendants, )<br>)<br>⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ ) | Civil No. 2013-117 |

**REPORT AND RECOMMENDATION**

Before the Court is defendant Darice Plaskett's motion to dismiss in her individual capacity under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. [ECF 207]. Plaintiff did not file a response. On May 19, 2023, the District Court referred defendant's motion to the undersigned for a Report and Recommendation. [ECF 212].

### I.    BACKGROUND[1]

Plaintiff Moise Mamouzette is a physician operating a private practice in obstetrics and gynecology, and was previously employed by the Virgin Islands Department of Health ("DOH"). [ECF 1] ¶ 13. He brought this action in 2013 against the Government of the Virgin Islands ("GVI"), the Virgin Islands Board of Medical Examiners ("BME"), and three defendants named in their individual and official capacities: Commissioner of the DOH Darice Plaskett,[2] Territorial Medical Director Marc Jerome, and Chief of OB/GYN Ronald Anders. [ECF 1]. The complaint alleges constitutional and other violations stemming from plaintiff's suspension and termination

---

[1] The following summary includes only the information most pertinent to defendant Plaskett's motion to dismiss. See the August 7, 2023 Report and Recommendation [ECF 213] for a more detailed history of this action.

[2] At the time this action was filed, Darice Plaskett was the Commissioner of the DOH. [ECF 1] ¶ 119.

*Mamouzette v. Jerome, et al.*
Civil No. 2013-117
Page 2

from employment with the DOH, the revocation of his Special Unrestricted License ("SUL") to practice medicine, and related circumstances.[3]

The matter went to arbitration, and the Arbitrator issued his Award and Order on October 27, 2014. [ECF 48-1] at 19. The District Court confirmed the award on July 19, 2017 [ECF 97], and later reaffirmed its ruling in a March 10, 2021 Order [ECF 139] denying the Union's request to modify the award. "The Court's ruling in this regard resolved the matter as against the [GVI, and s]ince this Court's March 2021 decision, the case has proceeded against the remaining Defendants." [ECF 166] at 3.

In October 2021, the Court, observing that no action had been taken in the case since its March 10, 2021 Order, directed the parties to "meet and confer and file with the Court a proposed scheduling order . . . [and to] discuss and determine which claims and parties remain at issue." [ECF 141]; [ECF 142] at 2. The parties were unable to agree to a schedule or on other issues. [ECF 148]. Following another conference in November 2021, the Court again ordered the parties to meet and confer to discuss which claims and parties were still at issue, and to file a proposed scheduling order. [ECF 150]. The Court subsequently issued a Scheduling Order on November 23, 2021, setting deadlines for completing discovery and filing dispositive motions. [ECF 162].

### A. Plaintiff's Efforts to Serve Process and Related Proceedings

On December 13, 2013, the Clerk of Court issued summons to "Darice Plaskett, RN, MSA, FACHE" at the "VI Department of Health, Charles Harwood Memorial Complex" in Christiansted, St. Croix. [ECF 5]. Plaintiff also requested issuance of a summons directed to the GVI; Darice Plaskett, Commissioner of Health; Marc Jerome, Territorial Medical Director; and

---

[3] Prior to filing this action, the United Industrial Workers-Seafarers International Union (the "Union") filed a grievance on plaintiff's behalf challenging the government's actions. *See* [ECF 166] at 2. The Court subsequently granted the Union's motion to intervene in this matter. [ECF 79].

the BME at "Government House, 1131 King St., Christiansted VI." [ECF 11]. On December 16, 2013, plaintiff filed proof of service indicating the GVI was served on December 14, 2013. [ECF 11] at 2.[4]

On October 15, 2015, Assistant Attorney General and Acting Chief Negotiator Joss Springette entered a notice of appearance on behalf of defendant Plaskett in her official capacity. [ECF 82].[5]

On March 6, 2018, Assistant Attorney General Zuleyma Chapman entered a notice of appearance on behalf of defendant Plaskett in her official capacity, limited to issues pertaining to the collective bargaining agreement. [ECFs 103, 118].

On April 10, 2018, Assistant Attorney General Erika Scott appeared as counsel for "Defendants," but noted Attorney Chapman was representing defendant Plaskett in her official capacity "for the limited purpose of the Arbitration proceeding and issues related to it." [ECF 119] at 1 n.1.

Following a status conference on October 18, 2021, the Court ordered the Attorney General to assign counsel to represent the GVI "and any other defendant within its jurisdiction" in this matter. [ECF 142] at 2. On October 20, 2021, Assistant Attorney General Julie Beberman filed an amended notice of appearance on behalf of the "Government Defendants." [ECF 145].[6]

On November 10, 2021, Attorney Chapman moved to withdraw as counsel to defendant

---

[4] Service was apparently made on a person designated by law to accept service on behalf of "Government House." *See* [ECF 11] at 2. The Court later determined such service was deficient to properly serve the Governor. [ECF 166] at 14.

[5] Attorney Springette also appeared on behalf of the GVI, the BME, and Jerome and Anders individually and in their official capacities. [ECFs 60, 82].

[6] Counsel did not define "Government Defendants." The Court takes this term to collectively refer to the government entity and official capacity defendants.

*Mamouzette v. Jerome, et al.*
Civil No. 2013-117
Page 4

Plaskett in her official capacity. [ECF 151]. Counsel averred she "entered an appearance specifically to represent Plaskett in a dispute filed by Plaintiff Intervenor, [the Union], to enforce the arbitration award," and that the Court's March 10, 2021 Order denying the Union's request to modify the award "resolved all outstanding issues between the parties relative [to] the Collective Bargaining Agreement." *Id.* at 1. Counsel further noted Attorney Beberman now represents "Defendants." *Id.* at 2. The "Government Defendants" filed a notice of no objection [ECF 160], and on November 22, 2021, the Court granted the motion to withdraw. [ECF 161].

### B. Defendant Plaskett's Motion to Dismiss

Following a status conference on January 13, 2023, the Court directed plaintiff's counsel to "file the appropriate motion or notice regarding claims brought against the Commissioner of the Department of Health." [ECF 204] at 2. Counsel then filed a notice stating plaintiff intended to move forward with his claims against Plaskett in her individual capacity. [ECF 206].

On January 19, 2023, Plaskett moved to dismiss the claims against her in her individual capacity for insufficient service of process. [ECF 207]. The motion contends plaintiff "has failed to provide any proof of personal service on Defendant Plaskett," and requests the Court dismiss the complaint without prejudice. *Id.* at 1–2.

On January 20, 2023, Magistrate Judge Emile Henderson III recused from this matter and the case was transferred to the undersigned. *See* [ECF 208]. This Court issued an Order directing the parties to file a status report including a statement of the basis for federal jurisdiction; whether any parties have not yet been served with process and identifying such parties; the status of any pending motions; what discovery, if any, remains to be completed; and any other material matter. [ECF 209]. Defendants' report alleges defendant Plaskett has not been served in her individual

capacity [ECF 210], while plaintiff's report contends "[s]ummons were effectively propounded on all Defendants." [ECF 211] at 2.

## II.     LEGAL STANDARDS

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). A defendant may assert the defense of insufficient service of process by filing a motion under Federal Rule of Civil Procedure 12(b)(5). *See Oliver v. V.I. Bureau of Internal Revenue*, 2020 WL 3085909, at *1 (D.V.I. June 10, 2020) ("under Rule 12(b)(5), a defendant may attack the manner in which a summons and complaint were, or were not, served"). Once such a challenge is made, plaintiff bears the burden of proving the validity of service. *Grand Ent. Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993).

Federal Rule of Civil Procedure 4(m) requires service of a summons and complaint on all named defendants within 90 days of filing the complaint.[7] "If a defendant is not served within 90 days . . . the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, where the plaintiff shows good cause for failure to serve the defendant timely, the court must extend time for service. *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995). Where good cause is not established, a court may nonetheless grant a discretionary extension of time for service. *Id.*

In an action against an individual, service may be made by: "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who

---

[7] At the time this action was filed, Rule 4(m) allowed 120 days for service. The rule was amended in 2015 to shorten the time to 90 days.

resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). The Virgin Islands Rules of Civil Procedure further provide that when suing a governmental officer or employee individually—regardless of whether the employee is also sued in an official capacity—service must be made upon the Governor, the Attorney General, and the named employee. V.I. R. Civ. P. 4(i)(3).[8]

### III.    DISCUSSION

"Proper service is an essential step in establishing a district court's personal jurisdiction over the defendants." *Chiang v. U.S. Small Bus. Admin.*, 331 F. App'x 113, 115 (3d Cir. 2009). Here, the complaint names defendant Plaskett in her individual capacity, and plaintiff was thus required to personally serve her. The record reflects that summons issued to Darice Plaskett at the Virgin Islands DOH, Charles Harwood Memorial Complex in Christiansted, St. Croix on December 13, 2013. [ECF 5]. However, the record is devoid of any proof showing the summons was executed. Nor does the record indicate any additional summonses directed to defendant Plaskett in her individual capacity. Furthermore, while it is plaintiff's burden to prove valid service, *Grand Ent. Grp.*, 988 F.2d at 488, plaintiff did not respond to defendant Plaskett's motion to dismiss or otherwise try to refute the alleged defective service. Therefore, under Rule 4(m), the Court must either dismiss this action without prejudice against defendant Plaskett in her individual capacity or extend the time for service.

The Court finds plaintiff fails to make the necessary showing of good cause to warrant a mandatory extension. The Third Circuit has "equated 'good cause' with the concept of 'excusable neglect' . . . , which requires 'a demonstration of good faith on the part of the party seeking an

---

[8] The government entity and official capacity defendants filed motions to dismiss for insufficient service of process on the Governor [ECFs 173, 180, 198], which the Court addressed in a separate opinion [ECF 213].

enlargement and some reasonable basis for noncompliance within the time specified in the rules.'" *MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995) (quoting *Petrucelli*, 46 F.3d at 1312).[9] In conducting this analysis, the Court's "primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." *Id.*

Here, plaintiff's efforts to serve defendant Plaskett were not reasonable. The 120-day time period within which plaintiff was to serve defendants after filing this action has long since expired. That deadline came and went without any indication in the record that a summons and complaint were personally served on defendant Plaskett, or any request by plaintiff for an extension of time. It appears plaintiff made no attempt to follow up on the summons issued in December 2013, nor is there any evidence plaintiff made further attempts to serve Plaskett—whether at her home, place of business, or through an authorized agent—since that time. Moreover, in the nearly seven months since Plaskett filed her motion to dismiss, plaintiff has neither filed an opposition to the motion nor undertaken any additional service efforts. On this record, plaintiff has not shown good faith or provided any reasonable basis for his failure to timely serve defendant Plaskett. Therefore, the Court is unaware of any good cause as to why it should extend the time for service. *See, e.g.*, *MCI Telecomms. Corp.*, 71 F.3d at 1097 (district court abused its discretion in finding good cause to excuse late service, where record was devoid of explanations for plaintiff's lack of diligence and failure to move to enlarge time to serve); *see also Petrucelli*, 46 F.3d at 1307 ("Even when delay results from inadvertence of counsel, it need not be excused. . . . 'The lesson to the federal

---

[9] Factors a court may examine in determining whether good cause exists include "(1) reasonableness of plaintiff's efforts to serve (2) prejudice to the defendant by lack of timely service and (3) whether plaintiff moved for an enlargement of time to serve." *MCI Telecomms. Corp.*, 71 F.3d at 1097 (citing *United States v. Nuttall*, 122 F.R.D. 163, 166–67 (D. Del. 1988)).

plaintiff's lawyer is not to take any chances. Treat the 120 days with the respect reserved for a time bomb.'" (citation omitted)).

While even in the absence of good cause the Court may extend the time for service, the Court declines to recommend an extension in these circumstances. In making this determination, the Court considers applicable factors such as: "(1) actual notice of the legal action; (2) prejudice to the defendant; (3) the statute of limitations on the underlying cause of action; (4) the conduct of the defendant; (5) whether the plaintiff is represented by counsel; and (6) any other additional factors that may be relevant." *Oliver*, 2020 WL 3085909, at *2 (citing *Chiang*, 331 F. App'x at 116). "These factors are considered in light of the Third Circuit's 'preference that cases be disposed [of] on the merits whenever practicable.'" *Id.* (citation omitted).

First, while Plaskett had actual notice of this action through counsel's representation of her in her official capacity for purposes of the arbitration dispute, she was never personally served in her individual capacity and has not retained counsel on her own behalf. *See* [ECF 140] at 4 n.5 (District Court Order stating "[t]he individual defendants were not parties to the arbitration, nor was the Award entered against them"); [ECF 145] (Attorney Beberman's appearance on behalf of the "Government Defendants").[10] Nor does the complaint state any claims against Plaskett specifically in her individual capacity. *See* [ECF 1].[11] Second, the passage of time, combined

---

[10] Even if the notices of appearance entered by the assistant attorney generals on behalf of "Defendants" or the "Government Defendants" could be construed as waiving any service issues, there is still no evidence of personal service on defendant Plaskett. Additionally, "[a]though notice underpins [Fed. R. Civ. P.] 4 concerning service, notice cannot by itself validate an otherwise defective service." *Grand Ent. Grp.*, 988 F.2d at 492 (finding factors including telexes sent to defendants regarding service, defendants' retention of counsel, and counsel's appearance at deposition, failed to "show an affirmative waiver of defective process").

[11] Plaintiff's complaint is appropriately described as a "shotgun pleading"—"a complaint that, in each count, incorporates all the preceding paragraphs of the complaint, making it virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Williams v. Flat Cay Mgmt., LLC*, 2023 WL 2563193, at *15 (D.V.I. Mar. 17, 2023) (citation omitted).

with the complaint's lack of specificity, have likely impaired Plaskett's ability to defend against plaintiff's claims on the merits. *See Boley v. Kaymark*, 123 F.3d 756, 759 (3d Cir. 1997) ("[d]elay may damage a defendant's ability to defend," though "actual notice militates against a finding of prejudice"). Third, and most significantly, plaintiff has not been diligent in pursuing his claims against Plaskett and properly effectuating service on her. Though plaintiff is represented by counsel, he has made little effort to serve Plaskett, and has never asked for an extension of time. Even in the face of the instant motion, plaintiff has wholly failed to respond or otherwise correct his failure to provide proper service. Thus, while the Court recognizes the Third Circuit's general preference "to decide a case on its merits rather than on a procedural technicality," the balancing of equities does not compel such a result here. *Stott v. Split Decision Music, LLC*, 2021 WL 4551607, at *8 (D.N.J. Oct. 5, 2021) (citing *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984)). As the Third Circuit wrote in *McCurdy*,

> We are well aware that the Federal Rules are meant to be applied in such a way as to promote justice. *See* Fed. R. Civ. P. 1. Often that will mean that courts should strive to resolve cases on their merits whenever possible. However, justice also requires that the merits of a particular dispute be placed before the court in a timely fashion so that the defendant is not forced to defend against stale claims.

*McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 197 (3d Cir. 1998). Under the circumstances presented, the Court is well within its authority to deny a discretionary extension of time. *See id.*; *see also Chiang*, 331 F. App'x at 116.[12]

---

[12] The Court notes that while it is unclear which count(s) of the complaint plaintiff purports to bring against defendant Plaskett in her individual capacity, the statute of limitations has potentially run on one or more of those counts. The Court rejects any argument by plaintiff that expiration of the limitations period compels an extension of time to serve Plaskett. "The running of the statute of limitations may be a factor supporting the discretionary granting of an extension of time to make service under Rule 4(m), but it does not *require* the district court to extend time for service of process." *Chiang*, 331 F. App'x at 116 (internal quotations and citations omitted). Rather, "[a] district court may 'still dismiss the case, even after considering that the statute of limitations has run and the refiling of an action is barred.'" *Id.* (citation omitted); *see also Petrucelli*, 46 F.3d at 1305 n.7 (declining to adopt an interpretation of Rule

In sum, no service of process on defendant Plaskett is recorded on the docket, and plaintiff has not meaningfully disputed defendant's contention that no such service was effectuated. Given plaintiff's minimal effort to perfect timely service and lack of explanation as to why he was unable to comply with Rule 4's requirements, the Court cannot find good cause to extend time for service. Under the circumstances presented, the Court further finds that a discretionary extension of time is also inappropriate.

### IV.   CONCLUSION

Accordingly, the premises considered, it is **RECOMMENDED** that defendant Plaskett's motion to dismiss in her individual capacity for insufficient service of process [ECF 207] be granted, and that the Court dismiss the complaint against her without prejudice.

Any objections to this Report and Recommendation must be filed in writing within 14 days of receipt of this notice. Failure to file objections within the specified time shall bar the aggrieved party from attacking such Report and Recommendation before the assigned District Court Judge. 28 U.S.C. § 636(b)(1); LRCi 72.3.

**Dated:** August 9, 2023                                                       S\_____
                                                                                          **RUTH MILLER**
                                                                                          United States Magistrate Judge

---

4(m) that "good cause exists every time the statute of limitations has run and the refiling of the action would be barred").