# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| MOISE MAMOUZETTE, ) | |
| ) | |
|       **Plaintiff,** ) | |
|   v. ) | Civil Action No. 13-0117 |
| ) | |
| MARC A. JEROME, Individually and in his ) | |
| official capacity as the Territorial Medical ) | |
| Director; RONALD ANDERS, Individually and ) | |
| in his official capacity as Chief of Obstetrics ) | |
| and Gynecology at Governor Juan F. Luis ) | |
| Hospital; DARICE PLASKETT, Individually ) | |
| and in her official capacity as the Commissioner ) | |
| of the Department of Health; THE VIRGIN ) | |
| ISLANDS BOARD OF MEDICAL ) | |
| EXAMINERS; THE GOVERNMENT OF THE ) | |
| VIRGIN ISLANDS; and DOES 1-5, ) | |
| ) | |
|       **Defendants.** ) | |
| ) | |

**Attorneys:**
**Atiim Dia Abraham, Esq.**
**Yohana M. Manning, Esq.**
St. Croix, U.S.V.I.
    *For Plaintiff*

**Julie Anne Beberman, Esq.,**
St. Croix, U.S.V.I.
**Joss N. Springette, Esq.,**
St Thomas, U.S.V.I.
    *For Defendants*

# MEMORANDUM OPINION

**Lewis, District Judge**

    THIS MATTER comes before the Court on Magistrate Judge Ruth Miller's August 7, 2023 Report and Recommendation (Dkt. No. 213) ("August 7 R&R"), in which the Magistrate Judge addresses three Motions to Dismiss for Insufficient Service of Process pursuant to Federal Rule of

Civil Procedure 12(b)(5) ("Rule 12(b)(5)") filed by: (1) the Government of the Virgin Islands ("Government"), the Virgin Islands Board of Medical Examiners ("BME"), and Darice Plaskett ("Plaskett") in her official capacity as the Commissioner of the Department of Health ("DOH") (Dkt. No. 173); (2) Marc A. Jerome ("Jerome") in his official capacity as the Territorial Medical Director and Ronald Anders ("Anders") in his official capacity as the Chief of Obstetrics and Gynecology at Governor Juan F. Luis Hospital (Dkt. No. 180); and (3) the Government, BME, and Plaskett, Jerome, and Anders in their official capacities (Dkt. No. 198) (collectively "Government Defendants"). Also before the Court is Judge Miller's August 9, 2023 Report and Recommendation (Dkt. No. 214) ("August 9 R&R"), in which the Magistrate Judge addresses Defendant Plaskett's individual capacity Rule 12(b)(5) "Motion to Dismiss." (Dkt. No. 207). Magistrate Judge Miller recommends that the three Motions to Dismiss filed by the Government Defendants be denied, and that the Motion to Dismiss filed by Defendant Plaskett in her individual capacity be granted.

The Court has not received any objections to the R&Rs. For the reasons discussed below, the Court will adopt the R&Rs, deny Government Defendants' Motion to Dismiss, and grant Defendant Plaskett's Motion to Dismiss.

## I.   BACKGROUND

The Court assumes the Parties' familiarity with the facts and therefore only provides a summary of the facts here. A more detailed account of the facts can be found in the R&Rs. (Dkt. Nos. 213, 214).

Plaintiff Moise Mamouzette, MD was previously employed by the Virgin Islands DOH. (Dkt. No. 1 ¶ 13). The DOH suspended and ultimately terminated Plaintiff allegedly due to issues with his certification to practice medicine. (Dkt. No. 98 at 2). In December 2013, Plaintiff filed

this action, in which the Industrial Workers-Seafarers International Union (the "Union") intervened, alleging, *inter alia*, constitutional and other violations in connection with Plaintiff's suspension and ultimate termination from employment. (Dkt. No. 98 at 2). This matter then went to arbitration, and, at the conclusion of the arbitration, the Court confirmed the Arbitration Award and denied the Union's request to modify the award. (Dkt. Nos. 98, 139).

On October 15, 2015, Plaintiff sought a default judgment against Defendants Jerome and Anders in light of their failure to answer the Complaint. (Dkt. No. 83). In resolving this motion, the Court determined that, because the Governor of the Virgin Islands had not been served, Jerome and Anders had not been properly served in their official capacities. (Dkt. No. 166 at 13-14). Accordingly, the Court granted Plaintiff thirty days from its April 5, 2022 Order "within which to properly serve Jerome and Anders in their official capacities." *Id.* at 15 (giving Plaintiff until May 5, 2022 to properly serve Jerome and Anders). On May 9, 2022, the Court granted Plaintiff a further extension, until May 26, 2022, to properly serve Jerome and Anders in their official capacities. (Dkt. No. 172).

Thereafter, Government Defendants filed their first two Motions to Dismiss for insufficient service of process arguing that Plaintiff had failed to properly effectuate service of process because he had not served the Governor of the Virgin Islands. (Dkt. No. 213 at 3). On November 4, 2022, Plaintiff filed a 3-page Opposition (Dkt. No. 191) to Jerome and Anders' official capacity Motion to Dismiss (Dkt. No. 180). In his Opposition, Plaintiff does not dispute or offer good cause for failing to timely serve the Governor and, instead, argues that Plaintiff served Jerome and Anders in their individual capacities. (Dkt. No. 191 at ¶ 4). On November 10, 2022, Plaintiff finally served the Governor. (Dkt. Nos. 194, 195).

In response to questioning at a status conference held on January 13, 2023, Plaintiff filed a

notice on January 19, 2023, indicating that Plaintiff intended to move forward with claims against Defendant Plaskett in her individual capacity. (Dkt. No. 206).[1] On the same day, Defendant Plaskett filed a Motion to Dismiss in her individual capacity for insufficient service of process, arguing that Plaintiff had never served Plaskett in her individual capacity. (Dkt. No. 207). Plaintiff did not file a response to Defendant Plaskett's Motion to Dismiss. The Court subsequently referred Government Defendants' Motions and Defendant Plaskett's Motion to the Magistrate Judge for Reports and Recommendations. (Dkt. No 212).

On August 7, 2023, Magistrate Judge Miller issued her R&R as to Government Defendants' Motions to Dismiss. (Dkt. No. 213). Magistrate Judge Miller found that, as the Court instructed Plaintiff in its April 5, 2022 Opinion, service on the Governor was required to properly effectuate service on the Government and on the individual Government Defendants in their official capacities. (Dkt. No. 213 at 11). Magistrate Judge Miller further found that Plaintiff failed to comply with the extended deadline the Court had set for Plaintiff to serve the Governor, and, therefore, had failed to timely serve the Government Defendants. *Id.* Magistrate Judge Miller also noted that Plaintiff's failure to timely serve the Governor was "perplexing" in light of the Court's explicit instructions for Plaintiff to do so and Plaintiff's absence of any explanation for failing to comply with the Court's Order. *Id*. at 11-13. As such, Magistrate Judge Miller concluded that no good cause existed to further extend Plaintiff's deadline to serve the Governor. *Id.* at 13.

---

[1] The Court inquired as to whether Defendant Darice Plaskett was in the case in her official capacity only or was also a party in her individual capacity. At the status conference, Plaintiff's counsel initially responded that he did not have his records, but that it was his recollection and understanding that the claims against Defendant Plaskett were in her official capacity only; that Plaintiff's Complaint did not specifically allege any actions taken by Defendant Plaskett in her individually capacity; and that Plaintiff was not seeking monetary damages from Defendant Plaskett individually. Plaintiff then requested additional time to consider whether he wanted to voluntarily dismiss any claims against Defendant Plaskett in her individual capacity.

Nonetheless, highlighting the Third Circuit's preference for matters to be resolved on their merits and the Government Defendants' actual notice and participation in this action, Judge Miller found that the circumstances of the case weigh in favor of granting Plaintiff a discretionary extension to serve the Governor *nunc pro tunc*. *Id.* at 14-16.

On August 9, 2023, Magistrate Judge Miller issued her R&R as to Defendant Plaskett's Motion to Dismiss. (Dkt. No. 214). The Magistrate Judge found that the record indicated that a summons was issued, but not executed as to Defendant Plaskett. *Id.* at 6. The Magistrate Judge further found that, despite it being Plaintiff's burden to prove service of process, Plaintiff had not responded to Defendant Plaskett's Motion. *Id.* at 6. As such, the Magistrate Judge held that Plaintiff did not show good cause for failing to serve Defendant Plaskett in her individual capacity. *Id.* at 7.

Magistrate Judge Miller recommends that the Court decline to exercise its discretion to grant Plaintiff an extension to serve Defendant Plaskett. *Id.* at 8. The Magistrate Judge reasoned that Plaintiff's Complaint is a "shotgun pleading" that does not "state any claims against Plaskett specifically in her individual capacity" and that the "lack of specificity" combined with the passage of time likely inhibited Plaskett's ability to defend herself. *Id. at 8-9, 8 n11.* The Magistrate Judge further reasoned that Plaintiff's now nearly 10-year delay in properly serving Plaskett in her individual capacity has "likely impaired Plaskett's ability to defend against [P]laintiff's claims on the merits." *Id.* at 9 (citing *Boley v. Kaymark*, 123 F.3d 756, 759 (3d Cir. 1997)). Finally, Magistrate Judge Miller notes that Plaintiff's failure to ever seek an extension to serve Defendant Plaskett or even respond to Defendant Plaskett's Motion militates against the Court *sua sponte* granting an extension. *Id*. at 9.

## II. APPLICABLE LEGAL PRINCIPLES

### A. Standard of Review

Parties may make "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1) (similar). Where the parties do not properly object to a magistrate judge's report and recommendation, there is no requirement that a district court review the report and recommendation before accepting it. *See Thomas v. Arn*, 474 U.S. 140, 151 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); *Banco Popular de Puerto Rico v. Gilbert*, 424 F. App'x 151, 153 (3d Cir. 2011). Notwithstanding *Thomas*, the Third Circuit has stressed that, even in the absence of an objection, the "better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). Accordingly, a district judge reviews those portions of the magistrate judge's report and recommendation to which parties have not objected under the "plain error" standard of review. *EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017). Under this standard, a district court reviews a magistrate judge's report and recommendation for error that is "clear" or "obvious." *Nara v. Frank*, 488 F.3d 187, 197 (3d Cir. 2007).

### B. Insufficient Service of Process

Federal Rule of Civil Procedure 12(b)(5) permits a district court to dismiss an action for insufficient service of process. The party responsible for service bears the burden of proving sufficient service of process. *See Sims v. City of Phila*, 552 Fed. App'x 175, 177 (3d Cir. 2014) (citing *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993)). This

Court previously ruled that "[u]nder the Federal Rules of Civil Procedure, to serve the Government of the Virgin Islands, one must serve the chief executive officer, i.e., the Governor of the Virgin Islands." (Dkt. No 166) (citing Fed. R. Civ. P. 4(j)(2)). Service of the summons and complaint must be completed within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m). If a plaintiff fails to serve a defendant within those 90 days, a court may extend the time for service upon a showing of good cause. *Id.*; *see Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995). Good cause requires "a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." *MCI Telecomms. Corp. v. Teleconcepts Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995) (internal citations and quotations omitted). Even in the absence of a showing of good cause, a court "may in its discretion decide whether to dismiss the case without prejudice or extend time for service." *Petrucelli*, 46 F.3d at 1305. In exercising this discretion, a court can look to several factors, including: (1) actual notice of the legal action; (2) prejudice to the defendant; (3) the statute of limitations on the underlying cause of action; (4) the conduct of the defendant; (5) whether the plaintiff is represented by counsel; and (6) any other additional factors that may be relevant. *See Chiang v. United States SBA*, 331 F. App'x 113, 116 (3d Cir. 2009). These factors are considered in light of the Third Circuit's "preference that cases be disposed of on the merits whenever practicable." *Anderson v. Mercer County Sheriff's Dep't*, Civil Action No. 11-cv-7620 (JAP), 2014 U.S. Dist. LEXIS 71776, at *13 (D.N.J. May 27, 2014) (citing *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984)).

### III.   DISCUSSION

**A.   Plain Error Review**

No party has filed an objection to the R&Rs. The Court therefore reviews the R&Rs under

the plain error standard. *Id.* The Court finds no plain error in Magistrate Judge Miller's R&Rs.

The R&Rs correctly held that to proceed against the Government and Defendant Plaskett in her individual capacity, Plaintiff was required to serve the Governor and Defendant Plaskett individually. Plaintiff does not dispute that it failed to timely serve the Governor nor does it dispute that it failed to serve Defendant Plaskett in her individual capacity. Plaintiff further does not offer any explanation for these failures, much less an excuse that constitutes good cause. As such, the Court does not find plain error in Magistrate Judge Miller's conclusions that Plaintiff does not show good cause for his failure to timely serve the Governor and his failure to serve Defendant Plaskett individually.

### B.     Exercise of Discretion

Where a plaintiff does not show good cause for failing to serve a party, the Court may exercise discretion to either dismiss the action or extend the time for service of process despite the absence of good cause. *Oliver v. Virgin Islands Bureau of Internal Revenue*, 2020 WL 3085909, at *2 (D.V.I. June 10, 2020) (citing *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995)). Here, the Court will adopt Magistrate Judge Miller's R&Rs as to this Court's exercise of discretion. Specifically, the Court will extend the time for service of process on the Governor *nunc pro tunc*, but will not extend the time for service of process as to Defendant Plaskett.

In their Motions to Dismiss, the Government Defendants argue only that good cause does not exist for Plaintiff's delay in serving the Governor. While the Court agrees that Plaintiff does not show good cause for the delayed service of process, the Government Defendants do not present any argument that the delay was prejudicial. Indeed, the Governor has now been served and Government Defendants have long been on notice of and participating in this action. Further,

Government Defendants have not filed any objections to the Magistrate Judge's R&R, which recommended that the Court exercise its discretion to extend the deadline for service. As Magistrate Judge Miller's August 7 R&R recognized, the Third Circuit has a preference that matters be decided on their merits.  *See Hritz v. Woma Corp*., 732 F.2d 1178, 1181 (3d Cir. 1984). Accordingly, the Court will follow Magistrate Judge Miller's recommendation and will exercise its discretion to extend the time for service of process on the Governor *nunc pro tunc*.

The Court, however, will not extend the time for service of process on Defendant Plaskett in her individual capacity. As Magistrate Judge Miller's August 9 R&R detailed, Plaintiff has failed to take any steps to serve Defendant Plaskett in her individual capacity since December 2013 and, in response to Defendant Plaskett's Motion, neither served Defendant Plaskett nor filed an opposition. These failures, together with the fact that Defendant Plaskett may reasonably have been unaware—and Plaintiff's counsel was actually unaware—that plaintiff had asserted claims against her in an individual capacity, strongly militate against granting an extension of time. This is especially so where, to this day, no extension has been requested and service of process has not been made. Accordingly, the Court will adopt Magistrate Judge Miller's recommendation and will grant Defendant Plaskett's Motion to Dismiss.

## IV.    CONCLUSION

In view of the foregoing, the Court finds no plain error in Magistrate Judge Miller's R&Rs, and will therefore adopt both R&Rs. Accordingly, the Court will deny Government Defendants' Motions to Dismiss, grant Plaintiff additional time to serve the Governor *nunc pro tunc*, and grant Defendant Plaskett's Motion to Dismiss.

An appropriate Order accompanies this Memorandum Opinion.

Date: September 12, 2023                                  _____/s/_____
                                                          WILMA A. LEWIS
                                                          District Judge