DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| MOISE MAMOUZETTE, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 13-0117 |
| ) | |
| MARC A. JEROME, Individually and in his ) | |
| official capacity as the Territorial Medical ) | |
| Director; RONALD ANDERS, Individually and ) | |
| in his official capacity as Chief of Obstetrics ) | |
| and Gynecology at Governor Juan F. Luis ) | |
| Hospital; DARICE PLASKETT, ) | |
| in her official capacity as the Commissioner ) | |
| of the Department of Health; THE VIRGIN ) | |
| ISLANDS BOARD OF MEDICAL ) | |
| EXAMINERS; THE GOVERNMENT OF THE ) | |
| VIRGIN ISLANDS; and DOES 1-5, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**Attorneys:**
**Atiim Dia Abraham, Esq.**
**Yohana M. Manning, Esq.**
St. Croix, U.S.V.I.
    *For Plaintiff*

**Julie Anne Beberman, Esq.**
St. Croix, U.S.V.I.
**Joss N. Springette, Esq.**
St Thomas, U.S.V.I.
    *For Defendant*

**MEMORANDUM OPINION**

**Lewis, District Judge**

    THIS MATTER comes before the Court on the "Motion to Dismiss as Against the VI Board of Medical Examiners" (Dkt. No. 215); Plaintiff Moise Mamouzette's "Opposition to Motion to Dismiss" (Dkt. No. 224); the Virgin Islands Board of Medical Examiners' (the "BME")

Reply (Dkt. No. 226); and Plaintiff's Sur-Reply thereto (Dkt. No. 230).[1] For the reasons discussed below, the Court will grant Defendant BME's Motion.

## I. BACKGROUND

The following is a summary of the facts relevant to Defendant BME's Motion to Dismiss.

Plaintiff Moise Mamouzette, M.D. was previously employed by the Virgin Islands Department of Health ("DOH") at the Charles Harwood Clinic ("Charles Harwood") in St. Croix, Virgin Islands as an obstetrician and gynecologist. (Dkt. No. 1 ¶ 31). Ultimately, a dispute between Plaintiff and the DOH arose as to Plaintiff's qualifications for his employment, and the DOH suspended and subsequently terminated Plaintiff due to issues with his certification to practice medicine. (Dkt. No. 98 at 2).

Plaintiff had been practicing medicine under a Special Unrestricted License ("SUL"), granted on September 28, 2009 and revoked effective January 10, 2014. (Dkt. No. 26, Ex. 1). Such a license, by its terms, required Plaintiff to: (1) be eligible or qualified for certification by the American Board of Obstetrics and Gynecology; (2) maintain an unrestricted license to practice somewhere in the United States; and (3) be a graduate of an accredited residency program. 27 V.I.C. § 7(c); (Dkt. No. 26, Ex. 1). The SUL, which is renewable annually for five years, also required Plaintiff to maintain government employment as a condition of holding the license. *Id*. After five years the SUL converts to a standard license to practice medicine in the Virgin Islands, waiving the local examination requirement. 27 V.I.C. § 7(c).

---

[1] On January 29, 2024, the Court entered an Order noting that the BME's Reply "improperly raise[d] for the first time arguments that go beyond the scope of its Motion to Dismiss and Plaintiff's Opposition thereto." (Dkt. No. 229 at 1) (citing *Live Oak Banking Co. v. Princess Mill Props., LLC*, 2021 U.S. Dist. LEXIS 163658, at *31 (D.V.I. Aug. 30, 2021)). In the Order, the Court recognized that it had the discretion to "refuse to address" those arguments or to permit Plaintiff to file a sur-reply. *Id.* at 2. In this instance, the Court determined that it was prudent to permit Plaintiff to file a sur-reply. *Id.*

2

In December 2013, Plaintiff filed this action—in which the Industrial Workers-Seafarers International Union (the "Union") intervened—alleging, *inter alia*, constitutional and other violations in connection with Plaintiff's suspension and ultimate termination from employment. *Id.* The matter then went to arbitration, where the arbitrator determined that Plaintiff's termination "for lack of documentation of his certification/eligibility was reasonable at the time," but required Plaintiff to be "reinstated" following the submission of "certification/qualification documentation . . . to the DOH." (Dkt. No. 218 at 3, 5). After the arbitration, the Court confirmed the Arbitration Award against the Government of the Virgin Islands and denied the Union's request to modify the award so as to "disregard the submissions [of certification/qualification documentation] required by the Award." (Dkt. No. 140 at 6).  Plaintiff does not appear to have provided the DOH with the certification/qualification documentation required by the Award. (Dkt. No. 228 at 5) (arguing that "Dr. Mamouzette never provided the necessary documentation").

With regard to the BME, Plaintiff alleges that the BME received a letter from one of Plaintiff's patients. (Dkt. No. 1 ¶¶ 98-99). Then, claiming to be investigating the subject matter of the letter, a BME member brought the letter to Plaintiff's office and searched Plaintiff's office for evidence. *Id*. A year later, the BME "requested Plaintiff submit to an informal hearing." *Id.* ¶ 101. Plaintiff's Complaint details the informal hearing but does not allege that any action was taken at the hearing. *Id.* ¶¶ 102-106. Instead, Plaintiff alleges that the BME "stated that if anything else came up during the meeting that he could be disciplined for that as well" and "threatened the Plaintiff that the next hearing could be a formal public hearing and that sanctions imposed could be severe." *Id.* ¶¶ 107-110. Plaintiff does not allege that the BME took any further action based upon the informal hearing. However, he alleges that he was entitled to a proceeding before the "Medical Board" *prior to* his termination by the DOH. *Id.* at 178.

3

On August 14, 2023, the BME filed its Motion to Dismiss. (Dkt. No. 215). The BME argues that the Court "must dismiss Plaintiff's Complaint as against the BME" based on the Court's January 19, 2014 Opinion. (Dkt. No. 215 at 1). In their Motion, the BME does not provide any further explanation for its position, other than to block quote a portion of the Court's January 19, 2014 Opinion. In that Opinion, the Court denied Plaintiff's "Amended Motion for Temporary Restraining Order and Preliminary Injunction" (Dkt. No. 23) and noted in relevant part—in reference to the scope of remedies available through the arbitration process—that:

> The arbitrator does, however, have authority under the CBA to reverse the suspension and termination decisions, if appropriate, and to order Plaintiff's reinstatement . . . Here, the BME's stated reason for the license revocation is Plaintiff's termination from his Government employment. If Plaintiff is ordered reinstated, the stated basis for the revocation would no longer exist. In the event that Plaintiff continues to be aggrieved by the BME's decision on the licensure issue, he has an available avenue for relief in the Superior Court of the Virgin Islands. 5 V.I.C. § 1421, *Tamarind Resort Associates v. Gov't of Virgin Islands*, 138 F.3d 107, 114 (3d Cir. 1998); *Moravian Sch. Advisory Bd. of St. Thomas, V.I. v. Rawlins*, 70 F.3d 270, 273 (3d Cir. 1995) (§ 1421 confers writ of review jurisdiction upon the local court over local matters). Accordingly, Plaintiff has adequate processes available to pursue the relief that he seeks.

(Dkt. No. 40 at 12).

In his Opposition to the BME's Motion, Plaintiff argues that Plaintiff's available avenue for relief discussed in the Court's January 19 Opinion in the event that Plaintiff "continues to be aggrieved" by whatever position the BME may take following a favorable arbitration outcome, *id.* at 12, is "permissive, but not mandatory[.]" (Dkt. No. 224 at 1). The BME concedes in its Reply that, pursuant to the Third Circuit's Opinion in *Tamarind Resort Associates v. Gov't of Virgin Islands*, 138 F.3d 107, 114 (3d Cir. 1998), "[this] Court has original jurisdiction over any constitutional challenges Dr. Mamouzette may have brought against BME for its actions." (Dkt. No. 226 at 2). In its Reply, the BME then raises—for the first time—several new arguments: Plaintiff's 42 U.S.C. § 1983 claims fail to state a claim against the BME because the BME is not a "person" under the statute; the Complaint does not otherwise state a viable federal claim for the

4

reasons stated in "other motions" and that the Court should accordingly decline to exercise supplemental jurisdiction over Plaintiff's territorial law claims against the BME; and, that the Court should dismiss Plaintiff's claim against the BME on the merits because the BME was required to revoke Plaintiff's license following his termination. *Id.* In his Sur-reply, Plaintiff concedes that his official capacity claims against the BME "are not permissible under 42 [U.S.C.] § 1983." (Dkt. No. 230 at 1). Plaintiff claims, however, that he has also sued the "Virgin Islands Board of Medical Examiners in their individual capacities." (Dkt. No. 230 at 1).

## II.     APPLICABLE LEGAL PRINCIPLES

### A.     Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) calls for dismissal of a complaint if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). As stated in *Connelly v. Lane Construction Corp.*, the Third Circuit follows the analysis set forth by the Supreme Court in *Bell Atlantic v. Twombly* and *Ashcroft v. Iqbal* when considering a Rule 12(b)(6) motion:

> Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679; *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

*Connelly*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

"When assessing the merits of a Rule 12(b)(6) motion, we accept as true all factual allegations in the complaint and view those facts in the light most favorable to the non-moving party." *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020). Further the district court must

5

accept "all reasonable inferences that can be drawn from [well-pleaded factual allegations] after construing them in the light most favorable to the nonmovant." *Boseman v. Upper Providence Twp.*, 680 F. App'x. 65, 66 (3d Cir. 2017) (internal citation and quotation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual allegations, taken as true, to 'state a claim to relief that is plausible on its face.'" *Nekrilov v. City of Jersey*, 45 F.4th 662, 668 (3d Cir. 2022) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Boseman v. Upper Providence Twp.*, 680 F. App'x. 65, 67 (3d Cir. 2017) (internal citation and quotation omitted).

    B.    **Section 1983 Claims**

"A plaintiff seeking relief pursuant to 42 U.S.C. § 1983 must prove 'two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" *Tobal v. V.I. Police Dep't*, 2022 U.S. Dist. LEXIS 6767, at *32-33 (D.V.I. Jan. 13, 2022) (quoting *Washington v. Hanshaw*, 552 F. App'x 169, 171 (3d Cir. 2014)). As to the first element, "[t]he Government of the Virgin Islands, its agencies, and its employees sued in their official capacities are not 'persons' under 42 U.S.C. § 1983." *Id.* (citing *McCauley v. Univ. of the V.I.*, 618 F.3d 232, 240 (3d Cir. 2010)); *see also Ngiraingas v. Sanchez*, 495 U.S. 182, 192, 110 S. Ct. 1737, 109 L. Ed. 2d 163 (1990) ("Congress did not intend to include Territories as persons who would be liable under § 1983"). The exception to this rule is that plaintiffs may maintain a case against territorial officers in their official capacity when plaintiff seeks "only prospective injunctive relief." *Id.* at 34; *Wheatley v. Mapp*, 2016 U.S. Dist. LEXIS 35806, at *12 (D.V.I. Mar. 21, 2016) ("Similarly, officers of a territory acting in their official

capacities are not persons under Section 1983, except to the extent that the plaintiff seeks prospective injunctive relief"); *McCauley v. University of the Virgin Islands*, 618 F.3d 232, 240-241 (3d Cir. 2010).

As to the second element of a Section 1983 claim, "[i]n reviewing the conduct of executive officials, only conduct that 'shocks the conscience' rises to the level of a substantive due process violation." *Whittaker v. County of Lawrence*, 437 F. Appx. 105, 108 (3d Cir. 2011) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 846, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998). While "some violations of state law may 'shock the conscience[,]' this [] does not mean that every violation of state law is 'constitutionalized' through the application of the substantive due process clause." *Id.* at 108-109. "In other words, a state official's failure to follow state law does not, by itself, shock the conscience in the absence of additional facts." *Id.* at 109.

## III. DISCUSSION

The BME argues that Plaintiff's federal claims are subject to dismissal, and that the Court should not therefore extend its supplemental jurisdiction to reach "any writ of review claims." (Dkt. No. 226 at 2). None of Plaintiff's causes of action, however, assert a writ of review claim against the BME. As Plaintiff himself argues "[t]here is nothing for the Superior Court to review." (Dkt. No. 224 at 1). Indeed, Plaintiff's December 13, 2013 Complaint was filed *prior* to the BME's January 10, 2014 revocation of his SUL, and thus does not—and could not—challenge the BME's decision to revoke the SUL. *Compare* (Dkt. No. 1) with (Dkt. No. 31) ("The Plaintiff's license was revoked on January 10, 2014"). Rather, the Complaint challenges Plaintiff's underlying

7

termination from the DOH.² Accordingly, the Court will not address the unasserted writ of review claim contemplated in the BME's briefing, but not present in Plaintiff's Complaint.

The BME also argues that Plaintiff's Complaint fails to state any claim against it. The Court agrees that the counts, as pleaded, fail to state a claim against the BME.

### A.    Plaintiff's Section 1983 Claims (Counts I and II)

In the first two counts, Plaintiff alleges that "Defendants violated his due process rights causing him damages in violation of 42 U.S.C. § 1983[.]" (Dkt. No. at 2). The BME argues that Plaintiff has not properly pleaded its § 1983 claims as to the BME because the BME is not considered a person under the statute. Plaintiff concedes that its federal claims are not permitted against the BME under § 1983. (Dkt. No. 230 at 1). The Court agrees.

The BME is a territorial agency established pursuant to 3 V.I.C. § 415. Accordingly, the BME is not a person that can be sued pursuant to § 1983. *Tobal v. V.I. Police Dep't*, 2022 U.S. Dist. LEXIS 6767, at *32-33 (D.V.I. Jan. 13, 2022). While Plaintiff acknowledges in his Sur-reply that he cannot bring his federal claims against the BME under § 1983, Plaintiff argues that he has also brought claims against the "Virgin Islands Board of Medical Examiners in their individual capacities." (Dkt. No. 230 at 1).

Plaintiff's assertion is not supported because his Complaint does not include any claims against the BME's members in their individual capacities. The only member of the Virgin Islands Board of Medical Examiners identified anywhere in Plaintiff's Complaint is Dr. Robert Centeno. (Dkt. No. 1 at ¶ 98). Dr. Centeno is not, however, named as a Defendant in this case. To the extent

---

² The fact that the Complaint does not assert a writ of review claim is consistent with the Court's January 19, 2014 Opinion, which addressed remedies available to Plaintiff if he "continues to be aggrieved" by any post-arbitration action or inaction by the BME following a resolution of the instant dispute concerning the propriety of his termination that is favorable to Plaintiff. (Dkt. No. 40 at 12).

that Plaintiff's claimed assertion of individual capacity claims against the BME's members refers to the individual claims asserted against Defendant Plaskett, who was the Commissioner of the Department of Health under which the BME is established, those claims have already been dismissed. (Dkt. No. 216).[3] Further, to the extent that Plaintiff's claimed assertion of individual capacity claims against the BME's members refers to Defendants Jerome and Anders—who there is no indication in the Complaint were BME board members—Counts I and II have already been dismissed as to Jerome and Anders in their individual capacities. *See* (Dkt. No. 231). Accordingly, Counts I and II of the Complaint—which Plaintiff concedes cannot be brought against the BME—are dismissed as to the BME.

### B.    Contract Claims (Counts III, IV, V, and VIII)

Plaintiff alleges four claims[4] arising out of his employment contract with the DOH. However, Plaintiff has not alleged that the BME was a party to Plaintiff and the DOH's employment contract.[5] Plaintiff's Opposition and Sur-reply—which focus on the BME's

---

[3] In its Motion to Dismiss, the BME does not seek to dismiss the claims against Defendant Plaskett in her official capacity. Accordingly, the Court does not address whether any federal claims have been properly raised against Defendant Plaskett in her official capacity.

[4] Count III alleges that the "Government" breached its employment contract with Plaintiff by failing to pay him for the first five months he was employed (Dkt. No. 157). Count IV alleges that "Defendants have breached the covenant of good faith and faith [sic] dealing by failing to perform his [sic] obligations under the contract." (Dkt. No. 162). Count V, Wrongful Discharge, alleges that the "Government of the Virgin Islands Wrongfully Discharged the Plaintiff." (Dkt. No. 165). And, Count VIII alleges that the covenants of good faith and fair dealing were breached in the process of "Defendants" conspiring to revoke his Special Unrestricted License and his subsequent termination. (Dkt. No. 178-180).

[5] "To [state a] breach of contract claim under Virgin Islands law, a plaintiff must [allege] four elements: (1) an agreement; (2) a duty created by that agreement; (3) a breach of that duty; and (4) damages." *Smith v. Meade*, 2022 U.S. Dist. LEXIS 53161, at *7 (D.V.I. March 24, 2022). "To state a claim for breach of the covenant of good faith and fair dealing, a 'plaintiff must show that (1) a valid contract exists between the parties, (2) acts committed by the [defendant] amount to fraud or deceit or an unreasonable contravention of the parties' reasonable expectations under the

9

"inaction" during Plaintiff's termination by the DOH does not suggest otherwise. (Dkt. No. 230 at 2 n.1). Accordingly, in the absence of any allegations that there was a contract involving the BME, Plaintiff's contract claims against the BME must be dismissed. *See Clark v. V.I. Housing Authority (VIHA)*, 75 V.I. 180, 188 (V.I. Super. Ct. Dec. 23, 2021); *Eddy v. Treasure Bay V.I., Corp.*, 2020 V.I. LEXIS 86, at *14 (V.I. Super. Ct. Aug. 19, 2020).

### C. Antitrust and CICO Claims (Counts VI, IX, X, and XI)

Count VI generally alleges that Defendants' conduct violates the Virgin Islands Antitrust Act—also known as the Virgin Islands Antimonopoly Law; Count IX generally alleges that Defendants' conduct violates the Sherman Act; and Count XI generally alleges that Defendants' conduct constitutes unfair competition. *Id.* at 13-14.[6] In Count X, Plaintiff claims that the "alleged unlawful conduct of Defendants" is in violation of the Criminally Influenced and Corrupt Organizations Act, 14 V.I.C. § 600 ("CICO"). (Dkt. No. 1 ¶¶ 187-191).

As the Court ruled in its March 20, 2024 Opinion, "the complaint is devoid of any factual allegations showing an agreement made for purposes of restraining trade." (Dkt. No. 232 at 9). This is equally true with respect to the BME. Plaintiff argues that the BME's "refusal to act is affirmative proof that it was illegally acting in concert with Dr. Jerome to deprive the Plaintiff of

---

contract; and (3) that damages suffered as a result.'" (Dkt. No. 218 at 13 n.22) (quoting *Dukes v. Fay Servicing, LLC*, 2022 WL 16855409, at *4 (D.V.I. Nov. 10, 2022). To state a claim for wrongful discharge under 24 V.I.C. § 76, Plaintiff must allege that "(1) an employee has been discharged; (2) by an employer; (3) who violated the provisions of section 76." *Motylinski v. Glacial Energy (VI), LLC*, 2021 U.S. Dist. LEXIS 167769, at *28 (D.V.I. Sept. 3, 2021).

[6] As the Court recognized in its May 20, 2024 Memorandum Opinion, Count XI merely restates Count VI. (Dkt. No. 232 at 9) (citing *Gardiner v. St. Croix Dist. Governing Bd. of Dirs.*, 2019 V.I. LEXIS 87, at *18 (V.I. Super. Ct. July 30, 2019) ("the Plaintiffs' are merely restating their antitrust claim because unfair competition is a subset of the antitrust law.").

his ability to practice medicine for illegitimate reasons." (Dkt. No. 230 at 2 n.1). Standing alone, the BME's inaction during another government agency's termination of Plaintiff does not raise a plausible claim that the BME either entered into an agreement with Dr. Jerome or that any such agreement would have been for the purpose of restraining trade. *See* (Dkt. No. 218 at 3). Accordingly, the Court will dismiss Counts VI, IX, X, and XI as to the BME. *Id.*

### D. Tortious Interference (Count VII)

Plaintiff asserts that Defendants tortiously interfered with his existing and future business prospects by 1) "wrongfully terminating" him; 2) presenting "false evidence" to the Juan F. Louis hospital in an effort to persuade the hospital to deny him hospital privileges; and 3) "questioning [his] competence to his patients." (Dkt. No. 1 at ¶¶ 173-175). With respect to Plaintiff's first theory, there are no non-conclusory factual allegations in the Complaint which suggest that the BME was involved in Plaintiff's termination. (Dkt. No. 40 at 4). As to Plaintiff's second theory, there are no allegations that the BME was involved in the presentation of evidence to the Jaun F. Louis hospital. As to Plaintiff's third theory, there is no allegation that the BME interacted with any of Plaintiff's patients. Accordingly, the Court will dismiss Count VII as to the BME.

## IV. CONCLUSION

In view of the foregoing, the Court will grant the BME's Motion to Dismiss for failure to state a claim as to all Counts against the BME. The Court will dismiss all Counts against the BME without prejudice.

An appropriate Order accompanies this Memorandum Opinion.

Date: June 13, 2024                                      _____/s/_____
                                                         WILMA A. LEWIS
                                                         District Judge