**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| MOISE MAMOUZETTE, )<br>)<br>   **Plaintiff,** )<br>  v. )<br>)<br>MARC A. JEROME, Individually and in his )<br>official capacity as the Territorial Medical )<br>Director; RONALD ANDERS, Individually and )<br>in his official capacity as Chief of Obstetrics )<br>and Gynecology at Governor Juan F. Luis )<br>Hospital; DARICE PLASKETT, in her official )<br>capacity as the Commissioner of the Department )<br> of Health; THE VIRGIN ISLANDS BOARD )<br>OF MEDICAL EXAMINERS; THE )<br>GOVERNMENT OF THE VIRGIN ISLANDS; )<br>and DOES 1-5, )<br>)<br>   **Defendants.** )<br>_____ ) | Civil Action No. 13-0117 |

**Attorneys:**
**Atiim Dia Abraham, Esq.**
**Yohana M. Manning, Esq.**
St. Croix, U.S.V.I.
   *For Plaintiff*
**Julie Anne Beberman, Esq.,**
St. Croix, U.S.V.I.
**Joss N. Springette, Esq.,**
St Thomas, U.S.V.I.
   *For Defendants*

## MEMORANDUM OPINION

**Lewis, District Judge**

THIS MATTER comes before the Court on the Government's "Motion for Partial Dismissal" ("Partial Motion to Dismiss") (Dkt. No. 221), wherein the Government seeks dismissal of all counts of Plaintiff's "Verified Complaint" except Counts III and IV, pursuant to Federal Rule of Civil Procedure 12(b)(6); Plaintiff's Opposition thereto (Dkt. No. 227); and the

Government's Reply (Dkt. No. 228).¹ For the reasons discussed below, the Court will grant the Government's Partial Motion to Dismiss as to Count V and will deny the Motion without prejudice as to the remaining counts.

## I. BACKGROUND

The following is a summary of the facts relevant to the Government's Partial Motion to Dismiss.²

Plaintiff Moise Mamouzette, M.D. was previously employed at the Charles Harwood Clinic ("Charles Harwood") as an obstetrician and gynecologist by the Virgin Islands Department of Health ("DOH"). (Dkt. No. 1 ¶ 31). Ultimately, a dispute arose as to Plaintiff's qualifications and the DOH suspended and subsequently terminated Plaintiff due to issues with his certification to practice medicine. (Dkt. No. 98 at 2).

In December 2013, Plaintiff filed this action—in which the Industrial Workers-Seafarers International Union (the "Union") intervened—alleging, *inter alia*, constitutional and other violations in connection with Plaintiff's suspension and ultimate termination from employment. *Id.* Plaintiff then filed an "Amended Motion for Temporary Restraining Order and Preliminary Injunction" (Dkt. No. 23). In addressing that Motion, the Court found that "[t]he propriety of [Dr. Mamouzette's] termination . . . falls squarely into the category of disputes arising under the

---

¹ The Court construes this Motion by the "Government of the Virgin Islands" as a motion on behalf of the Government of the Virgin Islands, who is itself named as a Defendant, and Defendants Marc A. Jerome, Ronald Anders, and Darice Plaskett in their official capacities within the Virgin Islands Government (collectively "Government"). These Defendants are all represented by the same counsel, Julie Beberman, Esq., who filed the instant Motion. As argued in the Government's Reply, "[a]n official-capacity suit is really just another way of suing the government." (Dkt. No. 228 at 8) (quoting *Smith v. Turnbull*, 54 V.I. 369, 376 (V.I. 2010)).

² A more detailed account of the facts can be found in Magistrate Judge Miller's Report & Recommendation on Defendants Marc A. Jerome and Ronald Anders' Motion to Dismiss. (Dkt. No. 218).

[Collective Bargaining Agreement ("CBA")] for which the grievance procedure is the sole avenue for resolution." *Mamouzette v. Jerome*, 2014 WL 211402, at *4 (D.V.I. Jan. 19, 2014). Accordingly, the Court held that "[a]rbitration is therefore the bargained-for venue for dispute resolution between the parties in this case and offers an avenue for full determination of the merits of the claims." *Id.* at *5.

This matter then went to arbitration, where the arbitrator determined that Plaintiff's termination "for lack of documentation of his certification/eligibility was reasonable at the time," but required Plaintiff to be "reinstated" following the submission of "certification/qualification documentation . . . to the DOH." (Dkt. No. 218 at 3, 5). Following the arbitration, the Court confirmed the Arbitration Award as to the Government of the Virgin Islands and denied the Union's request to modify the award so as to "disregard the submissions [of certification/qualification documentation] required by the Award." (Dkt. No. 140 at 6). Plaintiff does not appear to have provided the DOH with the certification/qualification documentation required by the Award. (Dkt. No. 228 at 5) (arguing that "Dr. Mamouzette never provided the necessary documentation").

The Government contends that the arbitration, which was confirmed by this Court, resolved all of the claims raised in counts I-II and V-XI, and therefore those claims should be dismissed as to the Government under the doctrine of issue preclusion.[3] The Government also argues that Count V (wrongful discharge) is subject to dismissal because wrongful discharge is not a valid cause of action against public employers, such as the Government. Plaintiff agrees that Count V is subject to dismissal for failure to state a claim against the Government. Then, in its Reply, the Government for the time first time argues that Counts II, IX, and X should be dismissed for reasons other than

---

[3] The Government does not contend that Counts III and IV are subject to dismissal.

issue preclusion.

Plaintiff argues that the Government's Motion should be denied because 1) the Arbitration Award is extraneous to the Complaint and therefore issue preclusion based on the Award cannot be argued at the motion to dismiss stage; 2) the Government was not a party to the arbitration between the DOH and Plaintiff, and therefore issue preclusion is not appropriate as to the Government; and 3) the issues considered in the arbitration were narrower than the claims Plaintiff now asserts.

## II.    APPLICABLE LEGAL PRINCIPLES

### A.    Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) calls for dismissal of a complaint if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). As stated in *Connelly v. Lane Construction Corp.*, the Third Circuit follows the analysis set forth by the Supreme Court in *Bell Atlantic v. Twombly* and *Ashcroft v. Iqbal* when considering a Rule 12(b)(6) motion:

> Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 679; *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

*Connelly*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

"When assessing the merits of a Rule 12(b)(6) motion, we accept as true all factual allegations in the complaint and view those facts in the light most favorable to the non-moving party." *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020). Further the district court must

4

accept "all reasonable inferences that can be drawn from [well-pleaded factual allegations] after construing them in the light most favorable to the nonmovant." *Boseman v. Upper Providence Twp.*, 680 F. App'x. 65, 66 (3d Cir. 2017) (internal citation and quotation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual allegations, taken as true, to 'state a claim to relief that is plausible on its face.'" *Nekrilov v. City of Jersey*, 45 F.4th 662, 668 (3d Cir. 2022) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Boseman v. Upper Providence Twp.*, 680 F. App'x. 65, 67 (3d Cir. 2017) (internal citation and quotation omitted).

"A party cannot raise issues for the first time in a reply brief." *Live Oak Banking Co. v. Princess Mill Props.*, LLC, 2021 U.S. Dist. LEXIS 163658, at *31 (D.V.I. Aug. 30, 2021) (quoting *Stern v. Halligan*, 158 F.3d 729, 731 n.3 (3d Cir. 1998)); *see also Banner v.* Fletcher, 834 F. App'x. 766, 769 (3d Cir. 2020). "A reply is intended only to provide an opportunity to respond to the arguments raised in the response brief; it is not intended as a forum to raise new issues." *Live Oak Banking Co.*, 2021 U.S. Dist. LEXIS 163658 at *31 (internal citation and quotation omitted). Accordingly, the Court does not consider arguments raised for the first time in a reply brief. *United States v. Limetree Bay Terminals*, LLC, 2023 U.S. Dist. LEXIS 5473, at *12 n.3 (D.V.I. Jan. 12, 2021).

### B.    Collateral Estoppel

"Although res judicata and collateral estoppel are affirmative defenses, they may be raised in a motion to dismiss[.]" *Walzer v. Muriel, Siebert & Co.*, 221 F. App'x. 153, 155 (3d Cir. 2007); *see also Toscano v. Conn. Gen. Life Ins. Co.*, 288 F. App'x. 36, 38 (3d. Cir. 2008) (They "may be raised and adjudicated on a motion to dismiss[.]"). "[J]udicially noticing the existence of a

published opinion is proper to resolve a 12(b)(6) motion." *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd.*, 181 F.3d 410, 427 (3d Cir. 1999). This includes the ability to take "judicial notice of the arbitration award because it has already been confirmed and made a judgment of the Court." *Franklin Drilling & Blasting Inc. v. Lawrence Constr. Co.*, 2016 Colo. Dist. LEXIS 1992, at *4-5 (D. Colo. Oct. 5, 2016) ("the Court will consider the arbitration award without converting Franklin's motion into one for summary judgment."); *Galette v. Goodell, 2022 U.S. Dist. LEXIS 233485*, at *12 (S.D. Fla. Dec. 29, 2022) ("the prior arbitration order had been confirmed by this Court . . . . It was therefore an appropriate exercise of judicial notice.").

"[T]he four elements that must be met for the doctrine of collateral estoppel, or issue preclusion,[4] to apply [are] (1) an issue decided in a prior action is identical to one presented in a later action; (2) the prior action resulted in a final judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party to the prior action, or is in privity with a party to the prior action; and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in a prior action." *Sherrock Bros. v. DaimlerChrysler Motors Co., LLC*, 260 F. App'x. 497, 499 (3d Cir. 2008). "[U]nder Third Circuit law, the party seeking to

---

[4] "Federal issue preclusion is a narrower doctrine than claim preclusion." *Beasley v. Howard*, 14 F.4th 226, 236 (3d Cir. 2021). "Claim preclusion under federal law applies where there is (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Houser v. Pennsylvania Dep't of Corr.*, 2022 U.S. App. LEXIS 28156, at *2 (3d Cir. 2022) (internal quotation omitted). "The party seeking to take advantage of claim preclusion has the burden of establishing it." *Toscano*, 288 F. App'x. at 38. "A confirmed arbitration award will render those claims that should have been raised at the arbitration res judicata, regardless of whether or not they in fact were raised." *Smith v. Denver Food Sys.*, 1994 U.S. Dist. LEXIS 14400, at *10 (E.D. Pa. Oct. 5, 1994).

While the Government implicitly suggests in its Reply that the requirements for claim preclusion might be satisfied here (Dkt. No. 230 at 7-8), the Government has not argued for, or briefed, the application of claim preclusion. Accordingly, claim preclusion is not properly before the Court and it will not be addressed further herein.

effectuate the estoppel bears the burden of establishing the four standard requirements[.]" *Horizon Meds. LLC v. Reddy's Labs., Inc.*, 2021 U.S. Dist. LEXIS 29223, at *6-7 (D.N.J. Feb. 17, 2021).

### III.  DISCUSSION

For the reasons discussed below, the Court will grant the Government's Partial Motion to Dismiss as to Count V, which the parties agree is not properly pleaded against the Government. The Court will otherwise deny without prejudice the Government's Motion. The Government's assertion of issue preclusion is made without the requisite specificity necessary for the Court to assess what issues the Government claims were resolved in the arbitration and should therefore be barred from re-litigation. Further, the Government's arguments that Counts II, IX, and X fail to state a claim for reasons other than issue preclusion were not made in their Motion and were raised for the first time in the Government's Reply. Accordingly, those arguments are not properly before the Court on this Motion.

### A.  Count V (Wrongful Discharge)

Count V, Wrongful Discharge, alleges that the "Government of the Virgin Islands Wrongfully Discharged the Plaintiff in violation of Title 24 V.I.C. Section 76." (Dkt. No. 1 at 27). To state a claim for wrongful discharge under 24 V.I.C. § 76, Plaintiff must allege that "(1) an employee has been discharged; (2) by an employer; (3) who violated the provisions of section 76." *Motylinski v. Glacial Energy (VI), LLC*, 2021 U.S. Dist. LEXIS 167769, at *28 (D.V.I. Sept. 3, 2021).

The Government contends, and Plaintiff does not dispute, that the Virgin Islands Wrongful Discharge Act, 24 V.I.C. § 76 does not include public employers, such as the Government, within its definition of "an employer." (Dkt. No. 221 at 3-4) (citing *Chapman v. Cornwall*, 58 V.I. 431, 443 (2013)); (Dkt. No. 230 at 1). The Court agrees.

7

"Public employers are exempt from 24 V.I.C. § 76 because they are not included in the definition of 'employer' for purposes of Chapter 3 as stated in 24 V.I.C. § 62." *Frorup-Alie v. V.I. Hous. Fin. Auth.*, 2003 U.S. Dist. LEXIS 25395, at *18 (D.V.I. Oct. 24, 2003). The Government is a "public employer" within the meaning of the statute. *Id.* (noting that the statute section defines "public employer" as "the executive branch of the Government of the United States Virgin Islands and any agency or instrumentality thereof[.]") (internal quotation omitted). Accordingly, Count V, which asserts a claim for Wrongful Discharge, fails to state a claim upon which relief can be granted against the Government.

### B.      Issue Preclusion

The Government contends that the Arbitration Award resolved the issues in all counts other than Counts III and IV, and that those claims are therefore subject to dismissal based on issue preclusion.[5] (Dkt. No. 221 at 2).

#### 1.      Propriety of Considering Issue Preclusion

As a threshold matter, Plaintiff argues that issue preclusion cannot be raised at the motion to dismiss stage because the Arbitration Award is a document extraneous to the Complaint. For this proposition, Plaintiff relies on this Court's opinion in *Titan Med. Grp., LLC v. V.I. Gov't Hosps. & Health Facilities Corp.*, 2021 U.S. Dist. LEXIS 244868, at *6 (D.V.I. Dec. 23, 2021). (Dkt. No. 227 at 1) ("[i]f not apparent [from the face of the Complaint], the district court must either deny the 12(b)(6) motion or convert it to a motion for summary judgment and provide both parties an opportunity to present relevant material."). However, while acknowledging that a Court cannot use judicial notice to establish "the truth of the facts asserted in the opinion," the Court in

---

[5] The terms "collateral estoppel" and "issue preclusion" have the same meaning and are used interchangeably throughout this opinion. *See Siegel v.* Goldstein, 657 F. Supp. 3d 646, 653 (E.D. Pa. Feb. 21, 2023).

*Titan* recognized that a court may take judicial notice of a prior opinion "on a motion to dismiss [] to establish the existence of the opinion." *Titan*, 2021 U.S. Dist. LEXIS 244868, at *6 (D.V.I. Dec. 23, 2021) (internal quotation and citation omitted). The limiting language regarding the scope of judicial notice—the "existence of the opinion," but not for the "truth of the facts asserted" therein—that Plaintiff relies on from *Titan* originates from the Third Circuit's opinion in *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999). *Titan*, 2021 U.S. Dist. LEXIS 244868 at *6 (quoting "*Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004) (citing *S. Cross Overseas Agencies, Inc.*, 181 F.3d at 427).)"); *see Southern*, 181 F.3d at 426 ("Specifically, on a motion to dismiss, we may take judicial notice of another court's opinion—not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.").

In *Southern*, the Third Circuit explained that "[r]ecently, courts and commentators have paid more attention to the distinction between judicially noticing the existence of prior proceedings and judicially noticing the truth of facts averred in those proceedings. It has been suggested that the appropriate analogy is the hearsay rule, which allows an out-of-court statement to be admitted into evidence for purposes other than establishing the truth of the statement." *Southern*, 181 F.3d at 427 n.7 (internal citation omitted). The Third Circuit has further clarified the scope of judicial notice for the purpose of collateral estoppel in *M & M Stone Co. v. Pennsylvania*, 388 F. App'x. 156, 162 (3d Cir. 2010):

> "Despite M&M's contention that the District Court should have converted the motions to dismiss into ones for summary judgment and allow it additional time to respond, the District Court did not err by not doing so. At the outset of its review of the motions, the District Court took proper judicial notice of the existence of the state administrative and state court opinions. . . . Without considering the underlying factual analyses by the EHB and Commonwealth Court for their truth, and instead simply acknowledging the EHB and Commonwealth Court's conclusions, the District Court properly began the issue preclusion analysis. To credit M&M's argument and disallow a court from recognizing the existence

9

    of other judicial opinions would thwart a defendant's right to raise issue preclusion in a motion to dismiss, and it would obviate the entire purpose of the doctrine.").

*M & M Stone Co. v. Pennsylvania*, 388 F. App'x. 156, 162 (3d Cir. 2010) (discussing the rule articulated in *Southern*); *see also Jonas v. Gold*, 627 F. App'x. 134, 137 (3d Cir. 2015) (citing *Southern* in the context of collateral estoppel and explaining that "[t]he District Court was entitled to take judicial notice of prior opinions to establish the procedural history of the case . . . which revealed, among other things, that the [] issue was already litigated."); *In re Lipitor Antitrust Litig.*, 868 F.3d 231, 269 (3d Cir. 2017) (citing *Southern* and noting that "if a court could take judicial notice of a fact simply because it was found to be true in a previous action, the doctrine of collateral estoppel would be superfluous. A plaintiff cannot be collaterally estopped by an earlier determination in a case in which the plaintiff was neither a party nor in privity with a party.") (quoting *GE Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1083 (7th Cir. 1997); *Mitan v. United States Postal Inspection Serv.*, 656 F. App'x. 610, 615 (3d Cir. 2016) (citing *Southern* and discussing the importance of the judgment having preclusive effect against the plaintiff).

    Thus, while the examination of "a transcript of a prior proceeding to find facts converts a motion to dismiss into a motion for summary judgment . . . judicially noticing the existence of a published opinion is proper to resolve a 12(b)(6) motion." *Southern*, 181 F.3d at 427. Accordingly, the court may consider judicially noticed prior opinions for the purpose of assessing what was "already litigated." *Jonas*, 627 F. App'x. at 137.[6]

---

[6] Notwithstanding this caselaw, some district courts in this circuit have declined to take judicial notice of arbitration awards for the purpose of considering collateral estoppel based on a more limiting reading of *Southern*, made in *dicta*, in the Third Circuit's non-precedential opinion in *Brody v. Hankin*. 145 F. App'x. 768, 773 (3d Cir. 2009). *See Hause v. City of Sunbury*, 2019 U.S. Dist. LEXIS 58395, at *13 (E.D. Pa. Mar. 13, 2019) ("Even if the Court were to take judicial notice of the arbitration opinion and award, however, at the motion to dismiss stage the Court can only take judicial notice of its existence, and not the truth of the matter asserted in the opinion and award. See *Brody*, 145 F. App'x at 772-73. Therefore, the Court could not analyze the substance

Here, the Government only requests that the Court take judicial notice of the existence of the Arbitration Award. Having been confirmed by this Court—at the behest of the Union on behalf of Plaintiff—the Arbitration Award is now a judgment of the Court. *Teamsters Local 177 v. UPS*, 966 F.3d 245, 252 (3d Cir. 2020) (internal quotation omitted) ("the confirmation of an arbitration award . . . makes what is already a final arbitration award a judgment of the court."). As a public record and a prior judgment of this Court, the Court can properly take judicial notice of the Arbitration Award and this Court's opinion confirming the Award. *Toscano v. Conn. Gen. Life Ins. Co.*, 288 F. App'x. 36, 38 (3d. Cir. 2008) ("Specifically, a court may take judicial notice of the record from a previous court proceeding between the parties."); *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd.*, 181 F.3d 410, 427 (3d Cir. 1999) ("we hold that judicially noticing the existence of a published opinion is proper to resolve a 12(b)(6) motion."); *Galette v. Goodell*, 2022 U.S. Dist. LEXIS 233485, at *12 (S.D. Fla. Dec. 29, 2022) ("the prior arbitration order had been confirmed by this Court . . . . It was therefore an appropriate exercise of judicial notice."); *Franklin Drilling & Blasting Inc. v. Lawrence Constr. Co.*, 2016 Colo. Dist. LEXIS 1992, at *4 (D. Colo. Oct. 5, 2016) (the court may take "judicial notice of the arbitration award because it has already been confirmed and made a judgment of the Court."). Thus, the fact that the Arbitration Award is not mentioned in the Complaint is not a bar to the Court considering the Government's issue preclusion arguments at the motion to dismiss stage. *See Toscano.*, 288 F. App'x. at 38; *Franklin*, 2016 Colo. Dist. LEXIS 1992 at *4.

---

of the arbitration opinion and award for the purpose of conducting a collateral estoppel analysis."); *see also Kellner v. Amazon,* 2023 U.S. Dist. LEXIS 30626, at *13-14 n.5 (D.N.J. Feb. 23, 2023) (citing *Brody* and declining to judicially notice an arbitration award for the purpose of considering collateral estoppel at the motion to dismiss stage). As discussed above, however, *Southern* does not foreclose the Court taking judicial notice of an arbitration award for the purpose of considering collateral estoppel at the motion to dismiss stage. *M & M Stone Co. v. Pennsylvania*, 388 F. App'x. 156, 162 (3d Cir. 2010); *Jonas v. Gold*, 627 F. App'x. 134, 137 (3d Cir. 2015).

11

### 2. Applicability of Issue Preclusion

With that threshold question resolved, the Court next considers whether and to what extent issue preclusion applies. In order to apply issue preclusion, the Government must establish that:

> (1) an issue decided in a prior action is identical to one presented in a later action; (2) the prior action resulted in a final judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party to the prior action, or is in privity with a party to the prior action; and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in a prior action.

*Id*. at 499. "[I]dentifying the precise issue in question is the most effective way to determine whether the use of the doctrine of collateral estoppel is appropriate." *EQT Prod. Co. v. Terra Servs.*, LLC, 2018 U.S. Dist. LEXIS 221569, at *26-27 (W.D. Pa. Aug. 2, 2018).

Plaintiff disputes that the arbitration decided issues identical to those raised in the Complaint, but does not dispute the remaining elements.[7] Plaintiff argues that "the issues considered by the arbitrator were narrow, to wit, whether the documents submitted by the Plaintiff and in the possession of Dr. Jerome were sufficient to demonstrate that the Plaintiff was 'Board Eligible.'" (Dkt. No. 227 at 1). Therefore, Plaintiff argues, that his "Sherman Act, Procedural Due Process, and Conspiracy claims have never been litigated[.]" *Id.* at 3.

For its part, the Government fails to identify with any particularity what issues it claims were resolved by the arbitration and why the resolution of those issues is dispositive of Plaintiff's claims other than Count III and IV. Instead, the Government simply cites to the entirety of the Arbitration Award. The Government does not quote or cite to any portion of the Arbitration Award resolving any specific issue. The Government does not address what issue(s) are raised by each of

---

[7] There is no dispute that the prior action resulted in a final judgment on the merits; that Plaintiff was in privity with the Union who arbitrated the matter on his behalf; or that Plaintiff had a full and fair opportunity to litigate the issues in a prior action.

12

Plaintiff's claims or perform any analysis to suggest that any of the issues resolved by the arbitration are identical to those issues currently before the Court.

Further, even assuming that the arbitration resolved identical issues to those currently before the Court, the Government does not explain why the resolution of certain issues in the arbitration is such that those claims must now be dismissed. Indeed, the only point at which the Government argues that issue preclusion applies with any level of particularity is in its Reply and with respect to Plaintiff's Count II. With respect to Count II, the Government argues that "the arbitrator resolved Dr. Mamouzette's claim by issuing a decision ordering Dr. Mamouzette reinstated upon submission of certain documentation. Thus, this claim is barred by issue preclusion and may not be relitigated." (Dkt. No. 230 at 5). Even here, however, the Government only points to the remedy imposed by the arbitration and does not identify the specific issues resolved by the arbitration and address how they compare to the issues raised by Plaintiff's Count II.[8]

In view of the foregoing, the Government has failed to establish that issue preclusion bars Plaintiff's claims. *Hagan v. United States*, 2002 U.S. Dist. LEXIS 3504, at *6 (E.D. Pa. Mar. 1, 2002) ("[b]ecause the Government has failed to establish that either preclusion doctrine applies, the Court can not apply them to bar the instant action."). Accordingly, the Court rejects the Government's issue preclusion argument.

    **C.**    **Arguments Raised in the Government's Reply**

In its Reply, the Government raises new arguments that certain counts—which Plaintiff argued in his opposition were not addressed by the arbitration and therefore not subject to issue

---

[8] Thus, to the extent that the Arbitrator found that Plaintiff's termination was procedurally improper such that reinstatement was warranted upon the submission of qualifying documentation, the Government does not explain why issue preclusion would therefore necessitate the dismissal of Plaintiff's claims in light of those same procedural irregularities.

preclusion—should be dismissed for failure to state a claim. Specifically, the Government argues that Counts II, IX, and X should be dismissed for reasons other than the issue preclusion arguments raised in its Motion. Because the Government raised these grounds for dismissal for the first time in its Reply, the Court does not consider these arguments properly raised, and therefore will not address them. *Live Oak Banking Co. v. Princess Mill Props.*, LLC, 2021 U.S. Dist. LEXIS 163658, at *31 (D.V.I. Aug. 30, 2021); *United States v. Limetree Bay Terminals*, LLC, 2023 U.S. Dist. LEXIS 5473, at *12 n.3 (D.V.I. Jan. 12, 2021).

## IV. CONCLUSION

In view of the foregoing, the Court will grant in part and deny in part the Government's Partial Motion to Dismiss. The Government's Motion is granted to the extent that Count V—which the parties agree fails to state a claim upon which relief can be granted against the Government—will be dismissed. In order for the Court to consider the Government's remaining arguments, the Government will need to re-raise its arguments in a procedurally proper manner and with adequate specification. Accordingly, the Court will deny without prejudice the remainder of the Government's Partial Motion to Dismiss.

An appropriate Order accompanies this Memorandum Opinion.

Date: June 13, 2024 _____/s/_____
WILMA A. LEWIS
District Judge